### M. MURCHISON AND OTHERS v. B. PAYNE.

1. In 1854, M. received from P. a draft for six hundred dollars, "to be used "in the purchase of head-rights of land in Texas, or returnable." In 1867 M. died, having never renounced the trust, nor invested or accounted for the money. In 1870, P. brought suit for the money and interest against M.'s widow and minor children, alleging that they were the heirs of M., and had received from his estate property of greater value than the amount of plaintiff's demand; and that there had been an administration on M.'s estate, and plaintiff had duly probated and presented his demand, but it was rejected by the administrator, and the administration had since been closed. The defendants excepted to the petition, on the ground that plaintiff should have sued within three months after the administrator's rejection of his claim; and they also

20

pleaded the four years' limitation. *Held,* that M. was the agent and trustee of P., and therefore limitation never ran against his liability. *Held further,* that Article 1311, Paschal's Digest, which requires suits against administrators on rejected claims to be brought within three months after the rejection, has no application to this suit against heirs.

2. A trustee who is charged with the investment of funds, and who unreasonably delays the execution of the trust, is liable for interest on the funds during the period of his laches.

3. The question of laches in any particular case is a question of fact. Under the facts of the present case, two years are regarded as a sufficient time for a trustee to have invested six hundred dollars in land claims, and interest is allowed against his representatives after the lapse of that time.

APPEAL from Llano. Tried below before the Hon. E. B. Turner.

The case is substantially stated in the opinion of the court. A jury was waived in the court below, and the cause was tried by the judge.

*Terrell & Walker,* for the appellants.

*Long & Oatman,* for the appellee.

OGDEN, J. This suit was brought in the District Court upon the following instrument of writing :

"Received of Banyan Payne, on M. D. Cooper & Co., one "draft for six hundred dollars, to be used in the purchase of "head-rights of land in Texas, or returnable : this November "2d, 1854," which was signed, "Daniel Murchison," and attested by Byrd Owen. Upon the execution of this receipt, the maker thereof became the agent of Payne, and, upon the receipt of the money on the specified draft, he took and held the same in trust, for the benefit of Payne ; and, while that relation existed, no statute of limitation could be interposed in favor of the trustee, as against the rights of the *cestui que trust.* This is too clearly an elementary principle of equity to require a reference to authorities. Murchison, being the voluntary, self-constituted agent of Payne, and having received

the money of his principal for a specific purpose, he was
bound to appropriate the money for that purpose with care and
promptness. And if he failed to do so within a reasonable
time, and especially, if he appropriated the funds of his prin-
cipal to his own use, or invested it in his own name, he at once
became responsible for a breach of the trust, and liable to an
action for damages at the suit of his principal. (Story on Con-
tracts, p. 1027.) We think this clearly the doctrine enunciated
in the case of Close *v.* Fields, 13 Texas, 624, cited by counsel
for appellants.

In Lewin on Trusts and Trustees, p. 358, it is said : " If the
" trustee be guilty of any unreasonable delay in investing the
" funds, or transferring it to the hand destined to receive it, he
" will be answerable to the *cestui que trust* for interest during
" the period of his laches."

Laches, as applied to a particular case, is a question of fact
to be determined from the evidence, and which is not revisable
in an appellate court, unless clearly against the evidence. In
the case at bar, the agent or trustee received the money in 1854,
to be laid out in the purchase of land, and the judgment of
the lower court is founded upon the hypothesis that two years
is a reasonable time for the expenditure of six hundred dollars
in the purchase of land ; and that an agent who kept and used
his principal's money for a longer period than that, was guilty
of negligence, and should be made to pay interest after that time
(see 9 Pickering, 436) ; and we are not prepared to say that
the court erred in that particular.

It is, however, contended for the appellants in this case, that
this was a claim against the estate of Daniel Murchison ; that
it had been rejected as an invalid claim by the administratrix,
and that suit thereon not having been instituted within three
months after the rejection thereof, the claim was barred by the
provisions of Article 1311, Paschal's Digest. But it is believed
that the article referred to was intended to have exclusive
reference to the administration of estates, and more especially
to insolvent estates. It prohibits the bringing suit against the

administrator who had rejected a claim after a certain period; and Article 1349 prohibits the bringing of any suit against an administrator after an order for partition, but it expressly reserves to the holder of a valid claim the right to sue the heirs. Article 1311 was intended to hasten the settlement of estates, and to stop all litigation after a certain time against the representative, but could not operate as a bar to a suit against the heirs who had received portions. This is the construction given of the statute by this court in the case of Fisk v. Norvel, 9 Texas, 17, and in Ansley v. Baker, 14 Texas, 610. From these cases it would appear that the general act of limitation is the only bar to an action against heirs, devisees, or legatees. On the death of Daniel Murchison, his entire estate vested in his heirs, subject in their hands to the payment of all his debts not barred by the statute of limitation; and, as the statute of limitation could not affect the claim sued on in this case, the heirs took the estate subject to that demand. It is in proof that the estate received by the heirs greatly exceeded in value the judgment in this cause, and to the extent of the property received, they must be held to the payment of this demand. The other questions raised by the assignment of errors could in no event affect the judgment, and we therefore deem it unnecessary to notice them in this opinion. The judgment in the District Court is therefore affirmed.

Affirmed.