WHEELER, J.
To obviate the bar interposed by the statute of limitations, it is insisted for the plaintiff'in error (hat the cause of action did not accrue until the demand made upon the defendant to account in December, 1840.
If it be conceded that the cause of action did not accrue when the last payment was made, and that the statute cousequently-would not commence running until a demand of settlement, the demand must have been made within a reasonable lime; and in Hie case of a promissory note payable within a given time after demand, it is held that a demand must bo made within a reasonable time from the date of the note, and (hat a reasonable time would require that the demand he made within tile, time limited by the statute for bringing tin*, action. (Angell on Lim., 2d ed., 98.)
The reason of the rule would cercaiulyappiy with quite equal force to a pa,rol promise, like that set up in the present case." And in this view, which is certainly the most favorable which can be taken for the plaintiff, the demand was not made within two years from the time of the last payment, nor the action brought until still later, and consequently not in time.
In any view which can be taken of this case the action appears to have been barred by the statute of limitations at the time of commencing the suit. The judgment is therefore affirmed.
Judgment affirmed