Wiieeler, J.
The principal question is whether the cause of action was-barred by the statute of limitations.
The relation between the parties t.o the receipt was that .of principal and agent, and the principle applicable to the ease is the same as in tile eases of agency and factorage. In these eases, where money lias been collected by an agent for ills principal, or an attorney for his client, or where goods have been consigned to a factor for sale, there inis been some at least apparent contrariety of opinion's as to whether an action will lie until after demand, and consequently whether (he statute of limitations will commence to run in favor of the agent or consignee till that time. (1 Taunt. R., 571; 12 Mod. R., 444; 3 Gill & Johns. R., 422; 15 Wend. R., 302; 5 Hill, (N. Y.) R., 395; 7 Greenl. R., 298; Angell on Lim., 178, ch. 17,)
*77 Without reviewing or attempting to reconcile tire cases on this subject, it an ay be stated as a general rule that where the money is (hie and payable immediately, or where the action is for a precedent debt or duty, no demand is necessary. (1 Chit. PL, 32!), Am. ed. of 18 10.)
In the ease of Stafford v. Richardson, (1"> Wend. R., 304,) the Supreme Court oí New York held that in au action against an attorney for money collected ¿y him, fh(> fact that a demand was not made within six years before suit brought would not prevent the running of the statute; that if a demand was necessary the. plaintiff should have mailc it in season to have brought this suit within six years after the default of the defendant. And iu Lillie v. Hoyt, (5 Hill. 395.) the same court held that it is the duty of a more collecting agent who receive,; money on account of his principal to pay it over within a reasonable time, and if it be not so paid the. principal may maintain an action for it without any previous demand. A foreign factor receiving the proceeds of sales made by him it was considered is not liable to au action until after demand.
The iaw upon the subject of the liability of factors to suit without demand underwent a full and clear exposition by Chief Justice Parker in giving the opinion of the Supreme Court of Massachusetts in the case of Clark v. Moody. (17 Mass. R., 145.) It is there shown that even in the case of foreign factors a demand is not iu all cases necessary. “The general rule laid down in the “hooks,'’ it was said, “is that when goods are. delivered to a factor to be sold ■‘•and disposed of for his principal t.hii'law implies a promise on the part of the “factor that he will render au account of them whenever called upon by the “ principal, and if he refuses to account, he is liable to au action of assumpsit “ for the breach of his implied promise.” The learned judge'., adverting to the opinion of Lord Holt in Wilkin v. Wilkin, (1 Salk. R., 9.) that wherever one acts as bailiff he promises to render an account, says : “Although in Comyn “on Contracts, 2(51, the inference from this case is made to be that the factor “ is liable only on demand or on refusal to pay money, yet if the general principle adopted by Holt is right', that Lite mere acting as bailiff is promising to ‘'account, it would not seem that a demand was in all cases necessary “to enable the principal to maintain his action.” And he proceeds to instance cases in which an action will lie without demand. “Generally,” it is said, “the consignor of goods accompanies his consignment with directions how to “apply tiie. proceeds, either to pay them over to a third person or to remit in “bills or in merchandize or in specie, or to hold them to answer his future “orders.” This I conceive is the reason why a demand has been held to be necessary in these cases.
The factor cannot he liable until lie has disobeyed his orders either actually or impliedly by some act or omission inconsistent with his duty to his principal. The agent’ miist he chargeable with some laches or default, which be cannot he unt’il he has been called upon or has received the instructions of his principal where (here is au understanding, either express or implied from custom and usage in the particular case, tliat the agent is not to pay the money or render au account until requested or instructed by his principal. Until he receives instructions to remit or account, his duty and consequent liability will not attach. But where there is not such au understanding, either express or implied, it is the duty of the agent to pay the money or to account within a reasonable time, and if lie should neglect to do so this neglect would be a breach of his contract, which would subject him to au action. And I appre-1k ml it. will he found generally true that where an agent is iu default, or where lie, is chargeable with laches or a breach of duty, an'action may he maintained .against him immediately without demand. If this he so no demand was necessary to subject the agent to an action in the present case. There was no understanding, either' express or implied, that he was to delay payment for further orders or instructions. He had already received his instructions, and' nothing remained but to apply the payment agreeably to his undertaking. The time of payment was not’specified, hut the contract evidently required that it should be made immediately or within a reasonable time. What that *78 would he must depend upon the circumstances of the case. But there is in the record nothing hut the contract itself to show that the undertaking of the agent was of such a nature and attended witli such contingencies that it could not liave been performed immediately. There does not"appear to be anything in tho nature of tho undertaking- from which it can be inferred that it might not have been performed if at all within a year or two. Surely it cannot be supposed that a period of five or six years was not a reasonable timei When that time had elapsed and the agent had failed to apply the money in the maimer required ho was in default and was chargeable with laches, and there was, it would seem, no necessity of a demand to fix bis liability. IBs neglect was a breach of his contract, for which an action might then liave been brought against him, and consequently the statute of limitations commenced to run in his favor. When a sufficient tíme liad elapsed to have enabled the agent with reasonable diligence to perform his promise the plaiutiff’s right of action accrued and the statute commenced to run. Xoarly eleven years elapsed from the time of the undertaking until tlio commencement of this suit. Allowing the agent half that time for performance, and surely more could not ho required, unless under special circumstances which, do not appear, and the action was barred long before the suit was brought. If, as we cannot doubt, the defendant’s intestate was guilty of such negligence as subjected him to suit it was no excuse for the plaintiff's negligence in not calling him to an account. And even if a demand was necessary "the plaintiff should have made it within time to liave brought liis suit before tiio. statute, had interposed a bar from the time the default occurred. (15 Wend. It., 30(1.) It is tho plaintiff’s own fault that he did not put himself in a condition to sue, and if the defendant’s intestate might liave protected himself from suit for the want of a demand (as was said by Chief Justice Savage in a case before eited) ho was not for that reason to be subject all his life to demands, however stale, (lb., 30G.)
Note 35. — When an agent is sued for damages for broach of duty, whereby less money came to liis hands for plaintiffs than otherwise would, and also for failure to pay over all that did come to liis hands, it is not necessary to allego a demand and refusal, (lliver v. Branch, IS T., G15.) A demand before suit must be made for money specially deposited for safe keeping. (Duncan v. Mayette, 20 T., 245.)
Wo are of opinion that the court erred in sustaining exceptions to the plea of the statute of limitations. The judgment must therefore be reversed and the cause remanded.
Reversed and remanded.