James STEVENS, Appellant,

v.

STATE FARM FIRE AND CASUALTY COMPANY, Elaine Wourms, Joe Parks, and Robert Dierkes, Appellees.

No. 06–96–00013–CV.

Court of Appeals of Texas, Texarkana.

Sept. 13, 1996.

Rehearing Overruled Oct. 8, 1996.

Joe R. Green, Fetter, Green & Associates, Longview, for Appellant.

Gregory P. Grajczyk, Edward L. Merritt, Harbour, Kenley, Boyland, Smith, Harris, Longview, for Appellees.

Before CORNELIUS, C.J., and GRANT and STARR, JJ.

## OPINION

CORNELIUS, Chief Justice.

James Stevens appeals from an adverse summary judgment in his suit against State Farm Fire and Casualty Company, Elaine Wourms, Joe Parks, and Robert Dierkes. He contends that the trial court erred in granting the judgment. We reverse the judgment as to State Farm and remand the cause against State Farm for a trial on the merits. We affirm the judgment as to Wourms, Parks, and Dierkes.

Stevens' home burned on January 3, 1991. State Farm insured the building for $167,000.00 and the personal property for $100,260.00. The day after the fire, Stevens called Charles Roach, his insurance agent, and told him of the fire. The week after the fire, Elaine Wourms, a State Farm adjuster, contacted Stevens, and they met on January 14 to discuss coverage. On January 25, Stevens and his attorney, Joe Green, again met with the adjuster to work out an estimate for repairing or replacing Stevens' house.

On February 7, State Farm sent Stevens a letter and enclosed a draft for $86,877.78 for repairs. In the letter, State Farm said it would pay an additional $20,332.00 for depreciation and $21,492.12 for contractor overhead and profit on completion of the repairs. State Farm deposited into Stevens' Lone Star State Bank account both the initial and the subsequent depreciation and overhead-profit payments.

Stevens testified in his deposition that around February 22, his contractor began tearing down parts of the house in anticipation of repairing it. A few weeks after the contractor began, however, he told Stevens that the damage was so extensive that he would have to raze and rebuild the entire house.

On March 19, Stevens signed a sworn proof of loss in which his actual loss was represented to be $130,000.00 in real property and $100,260.00 in contents. After the house was rebuilt in October 1991, State Farm made two supplemental payments, $4,005.00 and $738.00, for repairs to the septic and plumbing systems.

More than a year later, on November 20, 1992, Stevens sent State Farm a letter in which he submitted an additional claim of $4,246.84 to reimburse him for payments to a cleaning company in an attempt to salvage certain items of personal property. He also submitted an additional claim for $33,577.53, representing the difference between the $167,000.00 total real property coverage and the $133,522.47 State Farm had paid for building repairs.

In a November 25 letter, Dierkes, a State Farm claim superintendent, acknowledged receipt of the November 20 letter and said that State Farm would investigate Stevens' requests, but said the company would not immediately honor either request. Dierkes also said in the letter that in his opinion the statute of limitations would run on January 3, 1993.

On December 21, Parks, State Farm's senior claim representative, wrote to Stevens denying the claim for additional monies. Stevens filed suit on December 23 against State Farm, alleging violations of the Texas Insurance Code, the Deceptive Trade Practices Act, negligence per se, breach of good faith and fair dealing, fraud, misrepresentation, negligent infliction of emotional distress, and breach of contract. Stevens' attorney also on December 23 sent State Farm a demand letter pursuant to the DTPA and the Insurance Code. The attorney said he sent the letter contemporaneously with the suit to prevent State Farm from relying on the January 3, 1993 limitations date mentioned in a previous State Farm letter. On January 7, 1993, State Farm sent a letter to Stevens' attorney again denying Stevens' claims.

Citation in the suit was issued about a year later, on January 18, 1994, and served on State Farm February 9.[1]

On October 6, 1995, State Farm moved for summary judgment on the grounds of (1) limitations, (2) laches, (3) estoppel, (4) accord and satisfaction, (5) that Texas does not rec-

---

1. Although the judge's letter dated December 18, 1995, says Stevens requested service of citation on April 14, 1993, the record reflects the clerk issued the citation to State Farm on January 18, 1994, and the sheriff's deputy served it on February 9, 1994.

ognize the tort of negligent infliction of emotional distress, and (6) that as a matter of law the claims against Wourms, Parks, and Dierkes, all State Farm employees, failed because the employees were acting within the course and scope of their employment.

The trial court in a December 18 letter to the parties stated that it was granting summary judgment on the ground of limitations. The court's order granting the summary judgment, however, did not specify the grounds on which it was granted.

## SUMMARY JUDGMENT

Although Stevens' single point of error contends that the trial court erred in granting the summary judgment, in his appellate brief he states that the court granted the summary judgment on limitations grounds, and he addresses only the limitations defense in his argument.

■ A summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a; *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). The movant has the burden in a summary judgment proceeding, and the court must resolve against the movant all doubts as to the existence of a genuine issue of fact. *Roskey v. Texas Health Facilities Comm'n,* 639 S.W.2d 302, 303 (Tex.1982). Once the movant has established a right to a summary judgment, the burden shifts to the nonmovant. The nonmovant must then respond to the summary judgment motion and present to the trial court summary judgment evidence raising a fact issue that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

In deciding whether a disputed material fact issue precludes summary judgment, we take as true all evidence favorable to the nonmovant. We must indulge every reasonable inference and resolve any doubt in the nonmovant's favor. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

As an initial matter, State Farm argues that the appeal is moot because the trial court did not specify the grounds on which it granted the judgment and Stevens argues only limitations on appeal. It argues that because the trial court could have granted the judgment on another uncomplained-of ground, we must affirm the judgment.

■ Although the trial judge in a letter said he was granting summary judgment on the ground of limitations, we cannot consider the letter because it was not a part of the judgment. *Martin v. Southwestern Elec. Power Co.,* 860 S.W.2d 197, 199 (Tex.App.— Texarkana 1993, writ denied). Because the order granting the judgment did not specify the grounds, we cannot tell which ground the trial court relied upon.

■ Our Supreme Court has held that a general point of error stating that "The trial court erred in granting the motion for summary judgment" will allow the nonmovant to dispute on appeal all possible grounds for the judgment. *Plexchem Int'l, Inc. v. Harris County Appraisal Dist.,* 922 S.W.2d 930 (Tex.1996); *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970). It is not clear, however, whether an appellant who advances a general point of error in his brief but fails to argue all grounds that the movant advanced in support of its motion in the trial court may challenge the unargued grounds on appeal.

■ State Farm relies on *Fredonia State Bank v. General American Life Ins. Co.,* 881 S.W.2d 279, 284 (Tex.1994), and argues that Stevens, by failing to argue all possible grounds, has waived those grounds on appeal. That case, however, while reiterating the rule that although an appellate court will not consider matters not properly presented, the court retains some discretion in ordering rebriefing, is not a summary judgment case. A summary judgment differs from non-summary-judgment cases in that on appeal the summary judgment movant has the burden of demonstrating it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., supra.* If the appellee "waives" a ground by not arguing it on appeal, this would relieve the movant of its burden even though *Malooly* seems to allow a single general point of error to bring all

possible grounds into issue. Strictly following that rule, we would be required to affirm the summary judgment even if the trial court erred on a ground not argued on appeal, and even though the general point of error is sufficient to attack all grounds.

Several courts of appeals decisions seem to hold that the unargued grounds are waived. In those cases, however, the appellant failed to advance a general point of error. *See, e.g., Reese v. Beaumont Bank, N.A.,* 790 S.W.2d 801 (Tex.App.—Beaumont 1990, no writ); *Inscore v. Karnes County Sav. & Loan Ass'n,* 787 S.W.2d 183 (Tex.App.—Corpus Christi 1990, no writ); *Dubow v. Dragon,* 746 S.W.2d 857 (Tex.App.—Dallas 1988, no writ); *King v. Texas Employers' Ins. Ass'n,* 716 S.W.2d 181 (Tex.App.—Fort Worth 1986, no writ); *Rodriguez v. Morgan,* 584 S.W.2d 558 (Tex.Civ.App.—Austin 1979, writ ref'd n.r.e.).

In *Martin v. Cohen,* 804 S.W.2d 201 (Tex. App.—Houston [14th Dist.] 1991, no writ), the appellant advanced a general point of error complaining of the granting of the summary judgment. The appellate court overruled the point of error because the appellant failed to argue the point. The court failed to mention *Malooly* and relied on TEX.R.APP. P. 74(f) (brief of argument shall include condensed statement of facts and discussion of facts and authorities) and *Essex Crane Rental Corp. v. Striland Constr. Co.,* 753 S.W.2d 751 (Tex.App.—Dallas 1988, writ denied), a non-summary-judgment case.

The First Court of Appeals District in two cases specifically held that even though an appellant advances a general point of error complaining of the summary judgment, specific grounds not argued on appeal are not before the appellate court. *Maranatha Temple, Inc. v. Enterprise Products Co.,* 893 S.W.2d 92, 106 (Tex.App.—Houston [1st Dist.] 1994, writ denied); *Bradt v. West,* 892 S.W.2d 56, 68–69 (Tex.App.—Houston [1st Dist.] 1994, writ denied). The court relied on Rule 74.

The El Paso Court of Appeals, specifically addressing this issue, asked the Supreme Court to reconsider its *Malooly* decision. *A.C. Collins Ford, Inc. v. Ford Motor Co.,* 807 S.W.2d 755, 760 (Tex.App.—El Paso 1990, writ denied) (opinion on rehearing).

The court found that the summary judgment appellant failed to raise on appeal the issue of conspiracy because although the appellant raised a general point of error complaining of the summary judgment, it did not specifically argue the conspiracy ground.

As a practical matter, even if an appellant fails to argue all grounds after a general point of error, presumably it argued all those grounds in its summary judgment response at trial. If a general point of error simply is a request for the appellate court to conduct a de novo review of the trial court's judgment, the appellate court can, as a practical matter, step into the trial court's shoes and can, by reviewing the pleadings and evidence as raised in the motion and response, determine whether the trial court properly granted judgment. The appellee still must meet its appellate burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., supra.*

Although we believe we have the discretion to refuse to consider Stevens' unargued bases for reversing the judgment, we choose not to exercise that discretion. Instead, we will consider Stevens' confining his argument to limitations under his general point of error as simply limiting his argument to his strongest point, and we will consider the other possible attacks against the judgment.

## LIMITATIONS

State Farm moved for summary judgment on the ground of limitations.

■ A summary judgment is proper for a defendant if it conclusively establishes all elements of an affirmative defense. *Munoz v. Gulf Oil Co.,* 693 S.W.2d 372, 373 (Tex. 1984). When a defendant moves for summary judgment on the basis of limitations, it must prove that limitations has run as a matter of law. *See Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984); *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975). Once the defendant establishes the right to summary judgment, the plaintiff must then put forward summary judgment evidence to avoid the limitations defense.

*Palmer v. Enserch Corp.*, 728 S.W.2d 431, 435 (Tex.App.—Austin 1987, writ ref'd n.r.e.). If the plaintiff responds with evidence creating a fact question on the tolling of limitations or the accrual of the cause of action, the defendant must conclusively negate the tolling of the statute or the plaintiff's position on the accrual of the cause of action. *See id.* at 436.

Although normally a breach of contract and fraud cause of action has a four-year limitations period, the contract between Stevens and State Farm requires that an action be brought within two years and one day after the cause of action accrues. Parties may agree to limit the time in which to bring a suit on a contract so long as it is not shorter than two years. TEX. CIV. PRAC. & REM.CODE ANN. §. 16.070 (Vernon Supp.1996).

 Generally a cause of action accrues when facts come into existence that authorize a claimant to seek a judicial remedy. *Celtic Life Ins. Co. v. Coats*, 885 S.W.2d 96 (Tex.1994). A bad faith insurance claim accrues on the date the insurer denies coverage. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826 (Tex.1990). The same rule applies to Insurance Code and DTPA claims. *Celtic Life Ins. Co. v. Coats, supra.*

Stevens contends that the cause of action accrued when State Farm denied his claim on December 21, 1992. He argues that he and State Farm were negotiating up to that date. He says he made his final demand on November 20, 1992, State Farm responded on November 25, and denied his claim on December 21.

 State Farm argues that the cause of action accrued no later than March 19, 1991, when Stevens signed the proof of loss form, because he then knew what State Farm would pay and knew that it was not paying the policy's full amount. State Farm says Stevens testified in a deposition that after the contractor told him the house would have to be razed, he made one unsuccessful attempt to contact State Farm about the matter. Stevens further testified he did not give this information to State Farm until November 1992.

The contractor began tearing down portions of the house about February 22, 1991. It was more than a month later, Stevens testified, that the contractor told him the house would have to be razed. This was after Stevens signed the proof of loss form. He did not send a letter demanding additional payment until November 1992, and State Farm denied that claim on December 21, 1992. The denial of the claim started the limitation period running. *Celtic Life Ins. Co. v. Coats, supra.* While there is evidence that Stevens had a claim for the excess repair costs as early as February or March 1991, the summary judgment evidence does not conclusively establish that his claim was made and denied before December 21, 1992.

 State Farm argues that Stevens waited more than a year to make his demand for additional money. Where demand is a condition precedent to a suit, the injured party may not, by failing to make demand, postpone the running of the statute until he decides to make a demand. *See Aetna Casualty & Sur. Co. v. State ex rel. City of Dallas*, 86 S.W.2d 826, 831 (Tex.Civ.App.—Fort Worth 1935, writ dism'd); *Nolan County v. Yarbrough*, 34 S.W.2d 302, 304 (Tex.Civ. App.—El Paso 1930, no writ). Where demand is a prerequisite to a right of action, the injured party must make the demand within a reasonable time after it may lawfully be made. *Clements v. Lee*, 8 Tex. 374 (1852); *Foreman v. Graham*, 363 S.W.2d 371, 372 (Tex.Civ.App.—Beaumont 1962, no writ); *Aetna Casualty & Sur. Co. v. State ex rel. City of Dallas, supra; Smith v. Wise County*, 187 S.W. 705, 708–09 (Tex.Civ.App.—Fort Worth 1916, writ ref'd). The reasonableness of the delay is normally a fact question, but in the absence of mitigating circumstances, the law will ordinarily consider a reasonable time as being coincident with the running of the statute, and an action will be barred if a demand is not made within that period. *Mitchell v. McLemore*, 9 Tex. 151 (1852); *Clements v. Lee, supra; Foreman v. Graham, supra; Aetna Casualty & Sur. Co. v. State ex rel. City of Dallas, supra;* 50 TEX. JUR.3d *Limitation of Actions* § 62 (1986). In either event, Stevens made his demand for the additional monies within the two-year period.

The complete insurance contract is not in the appellate record, so we cannot tell if the policy required Stevens to make his demand for payment within a certain period after discovery of the loss. State Farm has not argued either on appeal or at the trial level that Stevens failed to meet a contract-imposed notification deadline.

The summary judgment evidence will support a conclusion that Stevens' claim for additional payment was made in December 1992. State Farm was served with citation in February 1994, within the two-year limitations period. Thus, summary judgment on the ground of limitations was not proper.

### LACHES

State Farm also moved for summary judgment on the ground of laches.

■ Two essential elements must exist for laches to bar a claim: a party's unreasonable delay in asserting a legal or equitable right, and a good faith change of position by another to his detriment because of the delay. *Rogers v. Ricane Enters., Inc.*, 772 S.W.2d 76, 80 (Tex.1989).

■ State Farm argues that because Stevens delayed in notifying it until after he had torn down the house, he deprived State Farm of the opportunity to have an independent appraisal done, as was its right under the contract.

■ As a general rule laches is inappropriate when the controversy is one to which a statute of limitations applies. *Transportation League, Inc. v. Morgan Express, Inc.*, 436 S.W.2d 378 (Tex.Civ.App.—Dallas 1969, writ ref'd n.r.e.). Only in exceptional circumstances may laches bar a claim in a period shorter than that established by an applicable statute of limitations. *Conrads v. Kasch*, 26 S.W.2d 732, 737–38 (Tex.Civ.App.—Austin), *writ ref'd per curiam*, 119 Tex. 449, 31 S.W.2d 630 (1930); 2 MCDONALD'S TEXAS CIVIL PRACTICE § 9:55 (rev.1992).

■ Laches is based on the theory that because of the staleness of the demand the defendant would be prejudiced unconscionably if the claim were not barred. MC-DONALD, *supra.*

■ Ordinarily, staleness of demand and detrimental reliance, like estoppel, intent, acquiescence, and other equitable issues, are fact issues inappropriate for disposition by summary judgment. 3 MCDONALD'S TEXAS CIVIL PRACTICE §§ 18:2, 18:27 (rev.1992), and cases there cited. Here, there is summary judgment evidence that Stevens tried to contact State Farm to tell it about the need to raze the house, but was unsuccessful. Moreover, State Farm had a considerable time during its negotiations with Stevens to have an appraisal made on the damage to the house. Even if it did not know at those times that the house would need to be completely razed, it knew that the damage was extensive, and it would be a fact question if State Farm was put to a detriment by not knowing that the house would ultimately need to be razed.

We conclude that the summary judgment evidence did not conclusively establish laches sufficient to bar Stevens' suit.

### ESTOPPEL

State Farm also moved for summary judgment on grounds of estoppel by contract.

■ Estoppel by contract is a form of quasi estoppel based on the proposition that a party to a contract will not be permitted to take a position inconsistent with its provisions, to the prejudice of another. *Hawn v. Hawn*, 574 S.W.2d 883, 886 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.); *United Fidelity Life Ins. Co. v. Fowler*, 38 S.W.2d 128, 131 (Tex.Civ.App.—Dallas 1931, writ dism'd). The rule is not really one of estoppel, as estoppel in pais, but is just another way of saying that a party is bound by the terms of his contract unless it is void or is annulled or set aside in some way.

■ State Farm argues that Stevens and it had already agreed to the amount of the loss, and that Stevens is therefore estopped to claim additional losses. State Farm argues, in essence, that the proof of loss form is a contract between it and Stevens, and that Stevens is taking inconsistent positions

between the contract and his later assertions.[2]

The proof of loss form is a notarized statement in which Stevens claims certain losses. State Farm is not a signatory. The form does not expressly preclude Stevens from making further demands, nor does it expressly waive any further claims. Although a State Farm claims specialist, Elaine Wourms, in a February 2, 1991 letter to Stevens, said that the company and Stevens had agreed on the actual cash value of repairs to the house, there is no written waiver from Stevens of additional claims. Stevens said he consistently told Wourms he was dissatisfied with State Farm's offer. He said he accepted the monies only to get construction moving and to prevent further damage to the property, and that he did not intend for the form to constitute an acceptance of State Farm's offer.

Stevens' position is that, although he signed the form in good faith, subsequently obtained information he received from his contractor revealed additional damage, for which he made a claim. Indeed, State Farm itself agreed to cover subsequently discovered damage in the sewer and septic system after Stevens signed the proof of loss form. Thus, Stevens is not really taking the kind of inconsistent stand that gives rise to estoppel by contract. State Farm argues that the proof of loss form is a contract, and that

Stevens is bound by it. The summary judgment proof, however, does not conclusively show that Stevens agreed to be bound by the contract as a final agreement. The form is a sworn statement from Stevens, but it does not provide that he will accept that amount in settlement of all claims. Thus, there is a fact issue whether Stevens and the company agreed on an amount for the total damage claim, and summary judgment on the basis of estoppel by contract was not proper.

## ACCORD AND SATISFACTION

State Farm also moved for summary judgment on the ground of accord and satisfaction.

An accord is an agreement where one party agrees to give or perform something different from what he is obligated to give or perform, and the other party agrees to accept the substituted performance in satisfaction of the obligation. A satisfaction is the performance of such an agreement. *Slaughter v. Temple Lumber Co.*, 307 S.W.2d 108, 114 (Tex.Civ.App.—Houston 1957, writ ref'd n.r.e.).

State Farm argues that it offered less than the full coverage amount to Stevens for his loss, and that Stevens agreed to the lesser amount by accepting the money. Stevens contends he told the State Farm claims

---

2. Some relevant portions of the proof of loss form include:

INSURED HEREBY CLAIMS OF THIS COMPANY (*) under this policy the sum of ... $230.010.00. Subject to Supplemental Claim, if applicable, to be filed in accordance with the terms and conditions of the Replacement Cost Coverage under the above described policy.
....
In consideration of the payment to be made hereunder for any property other than real property on an actual cash value or replacement cost basis, the insured does hereby assign to said insurer all right, title and interest in and to said property for which claim is being made hereunder, and agrees to immediately notify said insurer in case of any recovery of the property for which claim is being made hereunder, and will render all assistance possible in any endeavor to recover said property. Insured also agrees to turn over to said insurer, any such recovery which may be made, or reimburse said insurer in full to the extent of the payment which may be recovered.

The said loss was not caused by design or procurement on the part of the insured or this affiant: nothing has been done by or with the privity or consent of insured or this affiant, to violate the conditions of the policy, or render it void, no articles are mentioned herein or in annexed schedules but such as were interested in the loss and insured under this policy, and belonged to the insured at the time of said loss, no property saved has been in any manner concealed, and no attempt to deceive the said insurer as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished on call, and considered a part of this proof.
....
It is expressly understood and agreed that the furnishings of this blank to the insured or the assistance of an adjuster, or any agent of the insurer in the making of this proof, is not a waiver of any rights of said Insurer or of any of the conditions of this policy.

adjuster he did not agree that the amount in the proof of loss form was all of the loss and that further losses might follow. State Farm produced no summary judgment proof of a specific waiver or acceptance by Stevens. The form itself does not provide that Stevens agrees to waive all future ·claims by signing or accepting the funds. Where the existence of an accord and satisfaction is in doubt, the question is one of fact for the jury. *White v. Southwestern Bell Tel. Co.*, 651 S.W.2d 260, 262 (Tex.1983); 1 TEX.JUR.3d *Accord and Satisfaction* § 38 (1993). Thus, summary judgment on the ground of accord and satisfaction was improper.

## CLAIMS AGAINST EMPLOYEES

State Farm moved for summary judgment as to Wourms, Parks, and Dierkes because as employees they were acting within the course and scope of their employment. Stevens in his November 6 summary judgment response conceded that, as a matter of law, the trial court should dismiss the claims against the employees. Stevens has abandoned his claims against the employees. The trial court properly granted summary judgment as to the employees.

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS'

State Farm also moved for summary judgment on the ground that Texas does not recognize the tort of negligent infliction of emotional distress.

Although Texas does not recognize a general duty not to negligently inflict emotional distress, a claimant may recover mental anguish damages resulting from the defendant's breach of other legal duties. *Boyles v. Kerr*, 855 S.W.2d 593, 594–97 (Tex. 1993).

Stevens did not sue only on the ground of negligent infliction of emotional distress, as did the *Boyles* plaintiff, but on a variety of grounds, including violations of the DTPA and the Insurance Code, fraud, misrepresentation, and breach of the common-law duty of good faith and fair dealing. Texas does allow mental anguish damages in connection with the breach of other duties.

If the trial court granted the summary judgment on the ground that Texas recognizes no right to recover mental anguish damages, it erred.

We affirm the trial court's granting of summary judgment as to Wourms, Parks, and Dierkes. As to State Farm, the judgment is reversed, and the cause is severed and remanded to the trial court for a trial on the merits.

STARR, J., not participating.