In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00105-CV
______________________________


OLD REPUBLIC SURETY COMPANY, Appellant
 
V.
 
BONHAM STATE BANK, Appellee


                                              

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. 36063


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Opinion by Justice Ross


O P I N I O N

          Old Republic Surety Company appeals the granting of Bonham State Bank's motion
for summary judgment concerning its claim for damages under a motor vehicle dealer
bond. The Bank alleged that Lee Cadenhead, d/b/a Victory Auto Sales, had breached a
statutory bond condition. Because Cadenhead had filed for bankruptcy, the Bank obtained
an agreed lift of the bankruptcy stay and then obtained a default judgment that Victory had
violated a statutory bond condition. The Bank presented Old Republic with its judgment
as a claim on the bond. When Old Republic denied the claim, the Bank sued for damages
under the bond. The trial court granted the Bank's motion for summary judgment. For
reasons stated below, we reverse the decision of the trial court and remand the case for
further proceedings. 
          Old Republic raises four issues on appeal. It argues that the trial court erred (1) by
granting summary judgment when a genuine issue of material fact existed concerning its
liability under the bond; (2) in overruling its objections to the Bank's summary judgment
evidence because the affidavit of the Bank's president was conclusory, hearsay, and not
the best evidence of the alleged transactions; (3) by granting the summary judgment,
because a genuine issue of material fact existed concerning whether the agreed judgment
altered the terms of the surety bond; and (4) in awarding attorney's fees, causing the total
award to exceed the face value of the surety bond. 
          A licensed car dealer must provide the Texas Department of Transportation with a
$25,000.00 surety bond or similar security. Tex. Transp. Code Ann. § 503.033(a) (Vernon
1999). Section 503.033 provides:
The surety bond must be: 
(1)in a form approved by the attorney general; 
(2)conditioned on: 
(A) the payment by the applicant of all valid bank drafts,
including checks, drawn by the applicant to buy motor vehicles; and
(B) the transfer by the applicant of good title to each motor
vehicle the applicant offers for sale.

Tex. Transp. Code Ann. § 503.033(b) (Vernon 1999). Those statutory conditions are
incorporated into the bond at issue in this appeal. Recovery against the surety bond is
authorized if the claimant obtains a judgment against the dealer assessing damages based
on an act or omission on which the bond is conditioned. Tex. Transp. Code Ann.
§ 503.033(d) (Vernon 1999). 
          Before we can address the issues raised by Old Republic, we must first determine
the effect of the default judgment in the lawsuit against the principal. The default judgment
is conclusive proof of liability unless there is evidence of fraud, collusion, or that the
judgment altered the terms of the bond. We must therefore examine whether there is
evidence of fraud or collusion, or whether the default judgment altered the terms of the
bond. Because we find there is a fact issue concerning whether the default judgment
altered the terms of the bond, the trial court erred in granting the Bank's motion for
summary judgment. 
Factual Background
          The Bank provided Cadenhead with credit to purchase automobiles for Victory's
inventory, and in that connection held a security interest on the automobile inventory. On
May 13, 2002, Cadenhead signed a promissory note for $100,000.00 plus variable interest,
which was secured by a certificate of deposit and Victory's inventory. When Cadenhead
defaulted on the note, the Bank began liquidating its collateral, including the automobile
inventory. 
          On or about February 19, 2003, Cadenhead filed a petition for relief under
Chapter 13 of the United States Bankruptcy Code. The Bank requested the bankruptcy
court lift the automatic stay under 11 U.S.C. § 362 so that it could continue liquidation of
its security interest and pursue a bond claim against Old Republic. On June 13, 2003, the
bankruptcy court granted an agreed order to lift the stay. On August 15, 2003, the Bank
obtained a default judgment against Cadenhead. Following the default judgment, the Bank
requested Old Republic pay its claim under the bond, and Old Republic denied liability. 
The trial court granted the Bank's motion for summary judgment.
Standard of Review
          To prevail on a traditional motion for summary judgment, a movant must establish
that there is no genuine issue as to any material fact and that the movant is entitled to
judgment as a matter of law. Tex. R. Civ. P. 166a(c). The movant has the burden of
showing that there is no genuine issue of material fact and that the movant is entitled to
judgment as a matter of law. Id.; City of Houston v. Clear Creek Basin Auth., 589 S.W.2d
671, 676 (Tex. 1979); Baubles & Beads v. Louis Vuitton, S.A., 766 S.W.2d 377, 379 (Tex.
App.—Texarkana 1989, no writ). Once the movant has established a right to a summary
judgment, the burden shifts to the nonmovant to present evidence raising a fact issue that
would preclude summary judgment. Stevens v. State Farm Fire & Cas. Co., 929 S.W.2d
665, 669 (Tex. App.—Texarkana 1996, writ denied). When reviewing a summary
judgment, we take as true all evidence favorable to the nonmovant and indulge every
reasonable inference and resolve any doubts in the nonmovant's favor. Limestone Prods.
Distribution, Inc. v. McNamara, 71 S.W.3d 308, 311 (Tex. 2002); Rhone-Poulenc, Inc. v.
Steel, 997 S.W.2d 217, 223 (Tex. 1999). 
The Evidentiary Value of the Judgment
          Old Republic argues that the default judgment is only prima facie evidence of liability
and that the Bank is still required to prove the principal violated a condition of the bond
despite the judgment against the principal.
          Whether a default judgment is conclusive of the surety's liability or only prima facie
evidence depends on what type of bond is at issue. A general undertaking bond only
creates a prima facie liability against the surety who was not made a party or given an
opportunity to defend the underlying suit, and the surety will be permitted to assert any
valid defense which the principal could have asserted. Howze v. Surety Corp. of Am., 584
S.W.2d 263, 265 (Tex. 1979). However, if the bond is a judgment bond, the Texas
Supreme Court has held that a surety is bound by the default judgment against the
principal even if the surety did not have notice of the prior suit against the principal absent
proof of collusion or fraud.


 "A judgment bond is one in which the surety agrees to be liable
for a judgment based on a specific statutory violation covered by the bond." Lawyers Sur.
Corp. v. Riverbend Bank, N.A., 966 S.W.2d 182, 188 (Tex. App.—Fort Worth 1998, no
pet.); see Howze, 584 S.W.2d at 265–66. A surety is liable under a motor vehicle bond if
a judgment is obtained against the principal based on a condition of the bond. A motor
vehicle bond under Section 503.033 is clearly a judgment bond. See Riverbend Bank,
N.A., 966 S.W.2d at 188. 
          We note that in Arcadia Financial and MRD Investments the Fourteenth District
Court of Appeals held that a default judgment against a principal concerning a motor
vehicle bond is only prima facie evidence of liability and that the surety is entitled to make
any valid defense the principal could have asserted. Gramercy Ins. Co. v. MRD Invs., Inc.,
47 S.W.3d 721, 726 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); Gramercy Ins.
Co. v. Arcadia Fin. Ltd., 32 S.W.3d 402, 406–07 (Tex. App.—Houston [14th Dist.] 2000,
no pet.). Because the bond at issue is a judgment bond, we are constrained to follow the
holding of the Texas Supreme Court.


 Absent evidence of fraud or collusion, the surety
is bound by the underlying judgment and is prohibited from asserting any defenses. 
Riverbend Bank, N.A., 966 S.W.2d at 188; see Howze, 584 S.W.2d at 266; Old Republic
Sur. Co. v. Reyes, No. 05-01-01881-CV, 2002 Tex. App. LEXIS 5649, at *6–7 (Tex.
App.—Dallas Aug. 2, 2002, pet. denied) (not designated for publication).
          Section 503.003(d), however, requires the judgment to be based on a violation of
a condition of the bond. In Riverbend, the Fort Worth Court of Appeals distinguished
Howze by holding that a surety can raise the issue of whether the underlying judgment
altered the terms of a bond. Riverbend Bank, N.A., 966 S.W.2d at 188 (holding that the
agreed judgment in that case modified the terms of the bond); see Reyes, 2002 Tex. App.
LEXIS 5649, at *6–7. Although a surety cannot relitigate the underlying lawsuit or assert
any defenses that might have defeated the principal's liability, we agree with the Fort Worth
Court of Appeals that a surety can raise the issue of whether the underlying judgment
altered the terms of the bond. Such a holding is consistent with Howze because the
underlying suit is not being relitigated. If the underlying suit found liability based on a
different theory than the conditions of the act, it is not a judgment which is based on an act
or omission on which the bond is conditioned. See Riverbend Bank, N.A., 966 S.W.2d at
188; see also Tex. Transp. Code Ann. § 503.033(d). 
          Therefore, unless there is evidence of fraud or collusion, the surety is bound by the
underlying judgment. However, if the judgment altered the terms of the agreement, the
judgment is not a judgment creating liability based on the bond and it is not conclusive of
liability. 
There are Genuine Issues of Material Fact Concerning Whether the Default
Judgment Altered the Terms of the Bond

          In its first and third points of error, Old Republic argues that there are genuine
issues of material fact precluding summary judgment. According to Old Republic, the
default judgment altered the terms of the bond and therefore it is not bound by the default
judgment. In addition, Old Republic argues there are genuine issues of material fact
concerning whether the Bank has proved facts sufficient to create liability under the bond. 
Old Republic argues that the Bank has proven that Victory failed to repay its loan
obligations, which does not create liability under a motor vehicle bond. 
          As the Bank correctly asserts, recovery on a motor vehicle bond is not limited to
consumers. See Arcadia Fin. Ltd., 32 S.W.3d at 406–07. Old Republic argues there is no
evidence the Bank ever purchased a motor vehicle from Cadenhead or ever sold a motor
vehicle to Cadenhead. The Bank responds that the statute does not limit its application
to a direct consumer or purchaser of a motor vehicle. Section 503.033 allows "any 'person'
to recover against a surety bond if that person obtains a judgment against a licensed motor
vehicle dealer 'based on an act or omission on which the bond is conditioned.'" Gramercy
Ins. Co. v. Auction Fin. Program, Inc., 52 S.W.3d 360, 367 (Tex. App.—Dallas 2001, pet.
denied); Arcadia Fin. Ltd., 32 S.W.3d at 406–07. The main question, though, is whether
the Bank obtained a judgment based on an act or omission on which the bond is
conditioned. While the statute is not limited to consumers, the plaintiff must have
sustained his or her injuries in connection with the sale or purchase of a motor vehicle. 
          One of the two conditions giving rise to liability under the bond is the failure to honor
a bank draft for the purchase of an automobile. The failure to repay a loan does not
involve the sale of a motor vehicle and is, thus, not a transaction that is subject to liability
under the bond. See MRD Invs., Inc., 47 S.W.3d at 726; Riverbend Bank, N.A., 966
S.W.2d at 186–87. The bank draft must have been issued for the purchase of a vehicle. 
In this case, the Bank provided no summary judgment evidence that Victory failed to honor
a bank draft. The facts of this case are nearly identical to Riverbend and MRD. In
Riverbend, the Fort Worth Court of Appeals held that the surety company was not liable
on the motor vehicle bond when the car dealer defaulted on his loan secured by the car
dealer's inventory. Riverbend Bank, N.A., 966 S.W.2d at 188. The court stated:
A "note" and a "draft" are not interchangeable legal equivalents; they are two
different types of negotiable instruments. A note is a written promise to pay
money signed by the person undertaking that promise. See Tex. Bus. &
Com. Code Ann. §§ 3.103(a)(9), 3.104(a), (e). A draft is a written order to
pay money signed by the person giving the instruction. See id.
§§ 3.103(a)(6), 3.104(e). 

Id. at 187. The court interpreted the term "'payment of valid bank drafts' . . . to mean bank
drafts for which a car dealer has sufficient funds at its disposal so that the drawee bank will
honor them." Id. at 186. If the checks are not tendered to purchase a motor vehicle but
rather to repay a loan, the surety is not liable. Auction Fin. Program, Inc., 52 S.W.3d at
364; MRD Invs., Inc., 47 S.W.3d at 727. The second condition of liability is the failure to
transfer good title in connection with the sale of an automobile. Tex. Transp. Code Ann.
§ 503.033(b); Arcadia Fin. Ltd., 32 S.W.3d at 407. 
          The summary judgment evidence filed by the parties consists of the following: the
affidavit of Allen Sanderson, president of Bonham State Bank; the affidavit of Lisa Frasier,
a "Claims Supervisor/Adjuster" for Old Republic; a transcript of the hearing concerning the
default judgment; the agreed motion to lift the bankruptcy stay; responses to the Bank's
requests for admissions; and the default judgment. When viewed in a light most favorable
to the nonmovant, a fact issue exists concerning whether the default judgment altered the
terms of the bond.
          The only evidence that Victory violated the conditions of the bond is the default
judgment and legal conclusions in the affidavit of Sanderson. The default judgment does
provide that Victory failed to pay all valid bank drafts and failed to transfer good title for all
vehicles it sold. The default judgment states:
[A]ll averments contained in the Plaintiff's Original Petition shall be deemed
admitted, including that there exists a valid, fully-proved promissory note
under which Defendant is indebted to Plaintiff, that Defendant is in default of
the terms of the Note due to his failure to make payments when due, to pay
all valid bank drafts, and to transfer good title to each motor vehicle that
Defendant sold, and that the amounts requested are due, owing, and unpaid.

We note, however, that the default judgment does not state whether the failure to pay all
bank drafts was in connection with the purchase of an automobile. It does provide,
however, that Victory failed to transfer good title for each motor vehicle sold. Therefore,
the face of the default judgment indicates that one of the two conditions of the bond has
been violated.
          The Bank and Old Republic introduced conflicting affidavits. Sanderson stated in
his summary judgment affidavit in pertinent part as follows: 
I know and can testify that on May 13, 2002, Victory executed and delivered
to the bank a promissory note in the original principal amount of $100,000.00
("the note") secured by the pledge of Victory's automobile inventory. In
connection with this credit arrangement, Victory was obligated to pay all valid
bank drafts and transfer good title to motor vehicles that it sold. Victory failed
to perform these obligations and failed to pay amounts due on the note. As
a result, the bank was damaged in the amount of $83,830.12 . . . .

In response, Old Republic filed an affidavit by Frasier. Frasier's affidavit states in pertinent
part: 
Pursuant to state law, the Bond is conditioned on the payment of all valid
bank drafts for the purchase of a motor vehicle and the transfer of good title
for the sale of a motor vehicle. Plaintiff, Bonham State Bank made a claim
on the bond that ORSC denied because the claim was not covered by a
condition of the Bond.

Because the affidavits of Frasier and Sanderson consist mainly of legal conclusions,
neither serves to resolve whether Victory violated either of the statutory bond conditions.



          There is more than a scintilla of evidence that the underlying judgment may have
altered the terms of the bond. The motion to lift the stay provides that Victory sold vehicles
out of trust and in bad faith. As discussed above, the failure to repay a loan is not
sufficient to violate either of the conditions of the bond. The motion to lift the bankruptcy
stay provides more than a scintilla of evidence that the default judgment may have altered
the terms of the bond. The motion provides as follows:
As above referenced, Movant has a lien on Debtors' [sic] new and used car
inventory. It has come to Movant's attention that Debtor has sold many of
the cars upon which Movant has a lien to third parties, without remitting the
proceeds of sale to Movant. This constitutes bad faith, and accordingly
cause exists for lifting the automatic stay.

This is more than a scintilla of evidence that the Bank's damages resulted from the failure
to repay a loan, rather than a failure to pay all valid bank drafts or transfer good title in
connection with the sale or purchase of an automobile. Further, the default judgment
provides that the Bank sustained damages in the amount of $83,830.12. This amount is
identical to the amount outstanding on the loan. In the Bank's original petition in the suit
against Victory, the Bank alleged that the amount of the unpaid balance on Victory's note
was $83,830.12. While this evidence is not much more than a scintilla, it does create a
fact issue as to whether the default judgment altered the terms of the bond. 
          The Bank relies on Auction Finance Program and Arcadia Financial in support of its
argument. The current case is distinguishable because the Bank did not have a lien
against any specific car or cars, but rather against Victory's inventory in general. Further,
the Bank has failed to show that Victory failed to pay valid bank drafts in connection with
the purchase of an automobile. The Bank alleges that Victory transferred title to vehicles
secured by a lien and failed to forward the proceeds to the Bank. Arcadia is
distinguishable because the bank in that case had obtained an assignment from the
purchaser of the automobile in return for a release on the lien. Arcadia Fin. Ltd., 32
S.W.3d at 406–07. This case is clearly distinguishable from Auction Finance Program
because in that case evidence was introduced that the motor vehicle dealer failed to pay
valid bank drafts issued to purchase motor vehicles. Auction Fin. Program, Inc., 52 S.W.3d
at 369. In this case, there is no evidence that Victory failed to pay valid bank drafts other
than the conclusory statements of Sanderson and the default judgment, and neither piece
of evidence provides that these checks were for the purchase of an automobile. There is
no evidence that the Bank has obtained an assignment in this case, and there is a fact
issue concerning whether its damages resulted from the failure to transfer good title in
connection with the sale of an automobile or simply resulted from the failure to repay a
loan.
          Old Republic argues there is also evidence of fraud or collusion. Old Republic
contends that Victory agreed to the default judgment and therefore colluded with the Bank. 
In support of its argument, Old Republic filed the transcript of the default judgment hearing. 
According to the transcript, the Bank's attorney informed the court in an unsworn statement
that Victory had agreed to the entry of the default judgment. The transcript provides as
follows: "This debtor has been in bankruptcy, and as part of the termination of the
automatic stay, they agreed to the entry of this judgment." However, the transcript is not
proper summary judgment evidence.


 Therefore, the only evidence in the record that
Victory agreed to the entry of a default judgment is the agreed motion to lift the automatic
bankruptcy stay. Further, an agreement to a judgment does not necessarily indicate that
the parties colluded, absent additional evidence. There is less than a scintilla of evidence
of fraud or collusion.
          After taking as true all evidence favorable to the nonmovant and indulging every
reasonable inference or doubt in the nonmovant's favor, the Bank has failed to show that
no genuine issues of material fact exist concerning whether the underlying judgment
altered the terms of the bond. Thus, the trial court erred in granting the Bank's motion for
summary judgment. Because this issue is dispositive, it is not necessary to answer the
remaining issues raised by Old Republic.
Conclusion
          Unless there is evidence of fraud, collusion, or that the default judgment altered the
terms of the bond, the default judgment against Victory is conclusive of the liability of Old
Republic. A genuine issue of material fact exists, however, concerning whether the default
judgment altered the terms of the bond. Therefore, the trial court erred in granting the
Bank's motion for summary judgment. 
 

          We reverse the judgment of the trial court and remand this case for further
proceedings consistent with this opinion.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      July 13, 2005
Date Decided:         August 19, 2005