COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-296-CV

 

 

VALEAN CHILDERS                                                              APPELLANT

 

                                                   V.

 

GALLAGHER BASSETT                                                          APPELLEES

SERVICES, INC., MYRTIS 

LACY, AND ZURICH 

AMERICAN INSURANCE COMPANY                                                        

 

                                              ------------

 

            FROM THE 17TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction








In two points, Appellant Valean Childers (AChilders@)
asserts that the trial court erred in granting summary judgment to Appellees
Gallagher Bassett Services, Inc. (AGallagher@),
Myrtis Lacy (ALacy@), and
Zurich American Insurance Company (AZurich@)
(collectively AGLZ@).  We affirm in part, and reverse and remand in
part.

II. 
Factual and Procedural Background

This is the case of Awhen
does the statute begin to run?@  This bad-faith lawsuit originated with a
workers=
compensation claim filed by Childers, wherein she alleged she sustained a
compensable injury on February 4, 2003. The defendants include Gallagher, a
third party administrator which adjusted Childers= workers=
compensation claim; Lacy, an employee of Gallagher who was the licensed
adjuster handling the claim, and Zurich, the workers=
compensation carrier for the claims. 
Because numerous dates are involved in this question involving the
appropriate statute of limitations, we will set forth a time line of pertinent
events:

$                  
2/4/03-Alleged injury occurred

 

$                  
3/6/03-The injury is reported by this date

 

$                  
3/7/03-The claim is disputed by the carrier as being untimely filed
(the Afirst dispute@)

 

$                  
3/29/03-Childers requests a benefit review conference.

 

$                  
5/15/03-Benefit review conference is held and Childers prevails

 

$                  
7/16/03-First part of contested case hearing

 

$                  
8/31/03-Two years before suit is filed








$                  
10/2/03-Conclusion of contested case hearing

 

$                  
10/13/03-Contested case hearing ruling is in favor of Childers

 

$                  
1/2/04-Appeals panel ruling in favor of Childers

 

$                  
7/8/04-Childers= Claim is again disputed
by the carrier based on alleged new evidence[2]

 

$                  
9/28/04-Decision and Order by Hearing Officer in favor of Childers

 

$                  
8/31/05-Bad faith suit filed

 

On March 6, 2007, GLZ filed a motion for summary
judgment based on the two-year statute of limitations.  The trial court found that Childers did not
timely file suit within two years of the accrual of her cause of action and
accordingly granted summary judgment in favor of GLZ.  A motion for new trial was overruled by
operation of law, and this appeal followed.

III.  The
Issue








GLZ asserts that the trial court acted correctly
in granting summary judgment based on limitations because the case was not
filed within two years of the time that Zurich initially denied Childers= worker=s
compensation claim.  GLZ also asserts
that this is also true for the second denial of the claim because Childers
suffered no damage from the second denial and there is no authority that a
subsequent denial restarts the clock running on the statute of
limitations.          Childers asserts that the statute of limitations did not
begin running on the first denial of her claim until she had exhausted her
administrative remedies on February 2, 2004, and, regardless, the second denial
began the statute of limitations running on June 28, and July 8, 2004.  Hence, she argues her lawsuit was timely
brought on August 31, 2005 regarding both denials, and the trial court erred in
granting summary judgment.  

IV. 
Standard of Review

A defendant who conclusively negates at least one
essential element of a cause of action is entitled to summary judgment on that
claim.  IHS Cedars Treatment Ctr. of
DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004); see
Tex. R. Civ. P. 166a(b),
(c).  When reviewing a summary judgment,
we take as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant=s
favor.  IHS Cedars Treatment Ctr.,
143 S.W.3d at 798. 








A defendant is entitled to summary judgment on an
affirmative defense if the defendant conclusively proves all the elements of
the affirmative defense.  Rhone-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999); see Tex. R. Civ. P. 166a(b), (c).  To accomplish this, the defendant-movant must
present summary judgment evidence that establishes each element of the
affirmative defense as a matter of law.  Ryland
Group, Inc. v. Hood, 924 S.W.2d 120, 121 (Tex. 1996).  When reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant=s
favor.  IHS Cedars Treatment Ctr. of
DeSoto, Tex., Inc. v. Mason, 143 S.W.3d 794, 798 (Tex. 2004). 

V. 
Limitations








A statute of limitations begins to run when the
cause of action accrues.  Tectonic
Realty Inv. Co. v. CNA Lloyd=s of
Tex. Ins. Co., 812 S.W.2d 647, 652 (Tex. App.CDallas
1991, writ denied).  A cause of action
accrues when facts come into existence that authorize a claimant to seek a
judicial remedy.  Celtic Life Ins. Co.
v. Coats, 885 S.W.2d 96, 100 (Tex. 1994). 
A bad faith cause of action involving an insurance claim accrues on the
date the insurer denies coverage.  Murray
v. San Jacinto Agency, Inc., 800 S.W.2d 826, 828 (Tex. 1990).  This same rule is applicable to insurance
code and DTPA claims.  Stevens v.
State Farm Fire & Cas. Co., 929 S.W.2d 665, 671 (Tex. App.CTexarkana
1996, writ denied).  Intentional
infliction of emotional distress is also governed by the two year statute of
limitations.  Bhalli v. Methodist
Hosp., 896 S.W.2d 207, 211 (Tex. App.CHouston
[1st Dist.] 1995, writ denied).  Hence,
all of Childers= claims are governed by a
two-year statute of limitations, and all stem from the bad faith allegations.  See generally Tex. Ins. Code Ann. 21.21 ' 16(d)
(Vernon 2005), repealed by Act of May 23, 2003, 78th Leg., R.S., ch.
1274, '
26(a)(1), 2003 Tex. Gen. Laws 3611,
4138; Tex. Ins. Code ' 541.162
(Vernon Supp 2008); Tex. Bus. & Com.
Code Ann. ' 17.565 (Vernon Supp. 2008); Tex. Civ. Prac. & Rem. Code '
16.003(a) (Vernon Supp. 2008).  We must
therefore address whether Childers= cause
of action accrued more than two years prior to the date that she filed suitCAugust
31, 2005Cto
determine whether the granting of GLZ=s motion
for summary judgment is proper.  

VI. 
Analysis

A.  The
First DenialCMarch 2003

Both parties cite and discuss American
Motorists Insurance Co. v. Fodge, 63 S.W.3d 801 (Tex. 2001), as it impacts
the limitations issue.  The question
presented to our Supreme Court was 

whether a compensation
claimant can prosecute a lawsuit against a carrier to recover benefits and
damages resulting from a denial of benefits without a prior determination by
the Texas Workers= Compensation Commission
that benefits are due her.  We hold that
she cannot do so.

 








Id. at 802. 
This case stands for the proposition that just as a court cannot award
compensation benefits under the Worker=s
Compensation Act because that determination must go through the administrative
process, neither can the court award damages for the denial of compensation
benefits absent a holding made through the administrative process that such
benefits were due.  Id. at
804.  Hence, Athe
process precludes bad faith liability for denying benefits to which the
claimant is not entitled.@ 
Id.  

Childers takes the position that as a result of
the Fodge holding, there is no claim for bad faith until the procedures
under the Texas Workers Compensation Act have been concluded because, in
essence, she has no entitlement to benefits that have been wrongfully denied,
until that entitlement has been determined under the Act.  Were it otherwise, she argues, presumably it
could necessitate filing a bad faith case following the initial denial of
benefits by the carrier, only to have the case dismissed if under the Act it
was subsequently determined that she had not been entitled to benefits. 

GLZ takes the position that not only has our
Supreme Court rejected Childers=s
argument regarding the accrual of the limitations period, but that if her
position was correct, a claimant could delay indefinitely completing the
administrative process and then have an additional two years in which to file
suit for bad faith.  In short, they argue
there is no statute, case law, or reasoning to support her position.  

As our sister court has explained, 








damages constituting
recovery of lost compensation benefits must be pursued via the Act regardless
of the legal theory through which they are sought.  Thus, the injury sought to be recompensed and
the purpose of the relief are all important. 
If the relief serves to recompense the wrong or injury which was
originally redressed under the Act . . . then the Act controls their
recovery.  But, if it serves to
recompense some wrong independent of the original injury compensable under the
Act . . . then the Act and its restrictions are inapplicable. . . . Escajeda
did not have to exhaust any administrative remedy, and the trial court had
jurisdiction to consider that aspect of her 21.21 and 17.46(a) suit.  Finally, though this could result in piecemeal
litigation, the Texas Supreme Court long ago recognized and approved that
possibility in a suit such as this.   

 

Escajeda v. Cigna Ins. Co. of Tex., 934 S.W.2d 402, 406-07
(Tex. App.CAmarillo 1996, no writ).








The parties dispute whether Fodge has
overruled Escajeda.  Without
becoming involved in that dispute, it is apparent that part of the reasoning in
Escajeda is sound.  Much of our
jurisprudence involves the ability to avail oneself of our court system only
after administrative remedies are exhausted. 
This presupposes, of course, that the requested remedy in our court
system is the same as was sought in the administrative process.  Here, however, the redress sought through the
court systemCthe bad faith claimCis not
the same redress as sought through the administrative processCthe
worker=s
compensation claim.  Therefore, we hold
that the accrual of the limitations period for a bad faith claim does not await
the outcome of the administrative process, but rather begins at the same time
as any other bad faith claim not connected to our Worker=s
Compensation Act remedies, and that accrual is on the date the insurer
wrongfully denies coverage.  We overrule
Childers= first
issue.

B.  The
Second DenialCJune/July 2004

It is undisputed that Childers filed suit within
two years of the second denial of her benefits, which the parties have referred
to as the Asecond dispute.@  

GLZ takes the position that Childers was allegedly
Ainjured@ as a
result of the initial denial of her claim on March 7, 2003, and that there was
no new damage or injury resulting from the second dispute.  GLZ also argues that although damage may
continue to occur after a wrongful denial of benefits, this does not prevent
limitations from commencing to run.  See
Murray, 800 S.W.2d at 828.  Hence,
they assert that the second denial did not restart the limitations clock. 








Childers takes the position that the facts of
this case are clearly distinguishable from Murray.  In the Murray case, damages continued
to occur after the denial, whereas here, the initial claim and dispute were
resolved and benefits were paid.  Then,
argues Childers, she was again damaged when the second dispute occurred, that
is, when there was another denial on allegedly new grounds and benefits again
were stopped.  

We agree with Childers=
argument.  The first denial had been
fully and finally resolved in Childers favor before the second two denials
occurred in June and July of 2004.  These
are separate incidents theoretically given rise to a new bad faith claim.  If timely claims for additional payments by
an insured can give rise to Athe
statute of limitations running anew,@ then it
follows that additional denials of coverage after an initial denial has been
fully and finally resolved starts the running of the statute of limitations on
the new denial.  Pena v. State Farm
Lloyds, 980 S.W.2d 949, 954 (Tex. App.CCorpus
Christi 1998, no pet.).  We sustain
Childers= issue
number two and hold that the lawsuit filed by Childers on August 31, 2005, was
not barred by the statute of limitations as it related to the disputes of the
claim by the carrier filed June 28, 2004, and July 8, 2004.  Our disposition of issue one affirms that the
statute of limitations had run on her August 31, 2005 lawsuit as it related to
the dispute of the claim by the carrier filed March 7, 2003.








VII. 
Conclusion

Having
overruled Childers= first issue and
sustained her second issue, we affirm the trial court=s judgment in part, and
reverse and remand in part.

 

 

 

BOB
MCCOY

JUSTICE

 

PANEL A:   CAYCE,
C.J.; DAUPHINOT and MCCOY, JJ.

 

CAYCE, C.J., concurs
without opinion.

 

DELIVERED: April 3, 2008











[1]See Tex. R. App. P. 47.4.





[2]We will collectively
refer to the 1/2/04 panel ruling and Zurich=s 7/8/04 dispute of Childers= claim as the Asecond dispute.@