**Opinion filed March 31, 2010**



In The

# Eleventh Court of Appeals

---

## No. 11-08-00180-CV

---

## MASGAS, A PARTNERSHIP, AND MHW, INC., Appellants
## V.
## E.D. ANDERSON ET AL, Appellees

---

**On Appeal from the 90th District Court**
**Stephens County, Texas**
**Trial Court Cause No. CV29,050**

---

## O P I N I O N

This case involves the ownership of working interests in certain oil and gas properties. There are three parties involved in a dispute over the ownership of oil and gas leases: Masgas, a partnership; MHW, Inc.; and E.D. Anderson and his sons. Masgas filed suit against the Andersons seeking recovery of distributions, an accounting, and a declaratory judgment that Masgas owns the disputed working interests. MHW filed a plea in intervention for declaratory relief that MHW owned the disputed working interests. Masgas sought a declaratory judgment against MHW and alleged a trespass to try title action against MHW. The Andersons brought a counterclaim against MHW for a declaratory judgment that the Andersons own the disputed working interests. The Andersons and MHW filed cross-motions for summary judgment. The trial court granted the Andersons' motion for summary judgment against MHW and denied MHW's motions for summary

judgment against both the Andersons and Masgas. The trial court heard the remaining issues during a bench trial on February 19, 2008. The trial court entered judgment that the Andersons are the owners of the disputed working interests, that Masgas take nothing in its claims against the Andersons, that MHW has no interest in the disputed leases, and that the Andersons are entitled to attorney's fees. We affirm.

William Pat Massey, the president and CEO of MHW, is the father of Mike Massey, a partner in Masgas. Pat and Mike Massey acquired oil and gas leases in the name of MHW and operated the wells for many years. After a family dispute, Pat and Mike Massey entered into an agreement on December 1, 1994. After the 1994 agreement, MHW paid Masgas proceeds from the disputed working interests. MHW sold the leases to the Andersons on August 19, 1996. The Andersons became operators of the leases and continued to make payments to Masgas based upon documentation furnished by MHW.

In October 2005, the Andersons requested Masgas to furnish title information or a conveyance document to substantiate its claim of ownership of the leases. Masgas provided the Andersons with the 1994 agreement, a joint operating agreement, and division orders. The Andersons were not satisfied with the documentation, and they stopped making payments to Masgas. Masgas filed suit. The trial court found that the Andersons are the owners of the disputed working interests. This appeal followed.

Masgas brings four issues on appeal. Masgas first argues that the trial court erred in holding that the Andersons are the owners of the disputed working interests. The record shows, and Mike Massey testified, that he and his father, Pat Massey, acquired the oil and gas leases in the name of MHW. Mike Massey testified that there is no recorded instrument under which Masgas claimed title to the disputed working interests. Mike Massey stated that the Andersons "knew" about Masgas's interests because of the joint operating agreement and the division orders. Masgas claims that the 1994 agreement, the JOA, and the division orders should be read as a single integrated instrument and that, read together, they comprise a valid deed. The 1994 agreement states:

> Enclosed is a copy of AAPL Form 610-1977, Model Form Operating Agreement dated 10-1-84 that is in effect for other W.I. owners in properties operated by MHW, INC. Such Operating Agreement applies to the properties operated by MHW, INC. that you own an interest in. . . .

2

Also enclosed are Oil & Gas Division Orders covering the properties you own an interest in. . . .

As part of this package, MHW, INC. & W. Pat Massey, First Party, and MASGAS, Michael W. Massey & Cheryl Chaney Massey, Second Party, by signatures below waive all claims, disputes, etc. between the two parties concerning these properties and pledge not to be antagonistic toward each other in the future.

. . . .

Notwithstanding the above . . . properties (leases) presently owned by MHW, INC. and future properties (leases) acquired by MHW, INC. that you do not presently own an interest in, are excluded from any effect of the Operating Agreement dated 10-1-84.

By statute, a deed must be in writing and must be subscribed or delivered by the conveyor or the conveyor's agent. TEX. PROP. CODE ANN. § 5.021 (Vernon 2004). For a deed or instrument to effect conveyance of real property, it is not necessary to have all the formal parts of a deed formerly recognized at common law or to contain technical words. If, from the whole instrument, a grantor and grantee can be ascertained, if there are operative words or words of grant showing an intention of the grantor to convey title to a real property interest to the grantee, and if the instrument is signed and acknowledged by the grantor, it is a deed that is legally effective as a conveyance. *Harlan v. Vetter*, 732 S.W.2d 390, 392 (Tex. App.—Eastland 1987, writ ref'd n.r.e.).

The 1994 agreement does not contain operative words or words of grant showing an intent by MHW to convey the disputed working interests to Masgas. The 1994 agreement references "the properties . . . you own an interest in." This does not indicate an interest to convey title but, instead, suggests a prior acquisition. Nor can granting language be found in any attachment.

The JOA, in fact, disclaims any intent to do so. Article III(B) of the JOA contains the following language:

All production of oil and gas from the Contract Area, subject to the payment of lessor's royalties which will be borne by the Joint Account, shall also be owned by the parties in the same manner during the term hereof: provided, however, this shall not be deemed an assignment or cross-assignment of interests covered hereby.

Finally, the division orders do not contain words of grant or conveyance and, by themselves, are not a conveyance of an oil and gas interest. *Gavenda v. Strata Energy, Inc*., 705 S.W.2d 690, 691 (Tex.

3

1986).  Because there are no operative words of grant conveying title to Masgas, the 1994 agreement is not a valid deed.

Masgas further claims that, even if the 1994 agreement is not a deed, then it is enforceable as a contract pursuant to TEX. PROP. CODE ANN. § 5.002 (Vernon 2004).  Section 5.002 states that "[a]n instrument intended as a conveyance of real property or an interest in real property that, because of this chapter, fails as a conveyance in whole or in part is enforceable to the extent permitted by law as a contract to convey the property or interest."  A deed based on a valuable consideration but ineffectual to operate as a conveyance is treated in equity as a contract to convey. *Magee v. Young*, 198 S.W.2d 883, 886 (Tex. 1946).  Unlike the document in *Magee*, the 1994 agreement does not show an intent to convey an interest in real property; it merely references interests already owned by Masgas.  Masgas further claims ownership of the disputed working interests pursuant to estoppel by contract.  Estoppel by deed or contract precludes parties to a valid instrument from denying its force and effect.  *Angell v. Bailey*, 225 S.W.3d 834, 841 (Tex. App.—El Paso 2007, no pet.); *Schroeder v. Tex. Iron Works, Inc.*, 769 S.W.2d 625, 628-29 (Tex. App.—Corpus Christi 1989), *aff'd on other grounds*, 813 S.W.2d 483 (Tex. 1991). Estoppel by deed is the product of a good and valid deed.  *Angell*, 225 S.W.3d at 842; *Powers v. Wallis*, 258 S.W.2d 360, 362-63 (Tex. Civ. App.—Eastland 1953, writ ref'd n.r.e.).  The effect of the doctrine is to prevent a party to the deed from denying the truth of the recitals in a valid deed.  *Freeman v. Stephens Prod. Co.*, 171 S.W.3d 651, 654 (Tex. App.—Corpus Christl 2005, pet. denied).  Because the 1994 agreement is not a valid deed, this doctrine does not apply.

Masgas also argues that MHW and the Andersons have waived any right to contest Masgas's ownership of the disputed working interests because of their uninterrupted payments of the proceeds from the interests.  Masgas claims that silence or inaction for so long a period as to show an intention to yield the known right is enough to prove waiver (citing *Tenneco Inc. v. Enterprise Products Co.*, 925 S.W.2d 640, 643 (Tex. 1996)).  *Tenneco* does not allow the conveyance of an interest in property based upon waiver.  MHW agreed to pay Masgas a percentage of the proceeds from the disputed working interests, and the Andersons continued paying the proceeds.  The Andersons subsequently revoked the division orders and discontinued payments.  The Andersons did not waive their right to contest ownership of the disputed working interests.

The trial court did not err when it found that the Andersons are the owners of the working interests. Masgas produced no evidence that it acquired title to the disputed interests, the Andersons did establish record title, and the Andersons are not estopped or otherwise precluded from denying Masgas's claim. We overrule Masgas's first issue on appeal.

Masgas argues in its second issue that the trial court erred when it denied Masgas's claim to establish its overriding royalty interest in the "Choate #B6" well.[1] Mike Massey testified that he acquired an overriding royalty interest in the Choate #6 back in the "early '90s." Mike Massey further testified that MHW recognized his overriding royalty interest in the Choate #6 but that he did not receive payments from the Andersons on the interest.

The record shows that Mike Massey and Pat Massey acquired oil and gas leases in the name of MHW. Mike Massey testified that there is no document in his possession or on record that transfers to him any interest in the Choate #6. Consequently, the trial court did not err by denying Masgas's claim to an overriding royalty interest in the Choate #6. We overrule Masgas's second issue.

MHW argues in two issues that the trial court erred when it denied its motions for summary judgment and when it granted the Andersons' motion for summary judgment. When, as here, a party files a traditional motion for summary judgment, the standard of review is well settled. Questions of law are reviewed de novo. *Jeffries v. Pat A. Madison, Inc.*, 269 S.W.3d 689, 690 (Tex. App.—Eastland 2008, no pet.). When cross-motions are filed and the trial court grants one and denies the other, we review all issues presented and enter the judgment that the trial court should have entered. *Bradley v. State ex rel. White*, 990 S.W.2d 245, 247 (Tex. 1999); *Moon Royalty, LLC v. Boldrick Partners*, 244 S.W.3d 391, 394 (Tex. App.—Eastland 2007, no pet.). To determine if a fact question exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754 (Tex. 2007). We must consider all the evidence in the light most favorable to the nonmovant, indulging all reasonable inferences in favor of the nonmovant, and determine whether the movant proved that there were no genuine issues of material fact and that it was entitled to

---

[1]The record reflects that the parties used "Choate #B6" and "Choate #6" to refer to the same well.

judgment as a matter of law. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546 (Tex. 1985); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671 (Tex. 1979).

MHW and the Andersons entered into an assignment of oil and gas leases and bill of sale that contains the language:

> MHW . . . has, BARGAINED, SOLD, TRANSFERRED ASSIGNED AND CONVEYED and by these presents BARGAINS, SELLS, TRANSFERS, ASSIGNS AND CONVEYS in equal shares unto [the Andersons] their heirs, successors and assigns, all of MHW, Inc.'s right, title and interest in and to the oil and gas leases described in Exhibit "A" attached hereto and made a part hereof for all purposes. . . .
>
> . . . MHW . . . does covenant [the Andersons] . . . that MHW, Inc. is the lawful owner of said leases described in Exhibit "A." . . . MHW, Inc. further warrants that it is the owner of the working interest as set out beside each leasehold estate name in Exhibit "A."

Whether a document is ambiguous is a question of law. *Moon Royalty*, 244 S.W.3d at 394. A document is ambiguous when the application of the pertinent rules of interpretation to the face of the instrument leaves the court genuinely uncertain which one of two or more meanings is the proper meaning. *Universal C. I. T. Credit Corp. v. Daniel*, 243 S.W.2d 154, 157 (Tex. 1951); *Moon Royalty*, 244 S.W.3d at 394. Lack of clarity does not create an ambiguity. *Forbau v. Aetna Life Ins. Co.*, 876 S.W.2d 132, 134 (Tex. 1994). Neither party argues that the assignment is ambiguous, and we do not find it to be ambiguous.

MHW filed a plea in intervention arguing that it retained some title to the disputed working interests. The assignment states that MHW assigns all of its rights to oil and gas leases described in Exhibit "A." Exhibit "A" specifically names seven leases. Each named lease is labeled with a percentage working interest. MHW argues that it only assigned the fractional interest noted on Exhibit "A" and retained title to the "disputed working interests."

The granting clause states that MHW "SELLS, TRANSFERS, ASSIGNS, AND CONVEYS . . . **all** of [MHW's] right, title and interest in . . . the oil and gas leases described in Exhibit 'A'" (emphasis added). We give each word its plain grammatical meaning unless it definitely appears that the intention of the parties would thereby be defeated. *McMillan v. Dooley*, 144 S.W.3d 159 (Tex. App.—Eastland 2004, pet. denied). Therefore, the assignment provides that MHW grants to the Andersons its entire interests in the leases described in Exhibit "A." The reference to MHW's

6

fractional interest was in the warranty provision. While MHW assigned all of its interests, it only warranted that it owned the fractional interests described in Exhibit "A." The trial court did not err when it granted the Andersons' motion for summary judgment and neither did it err when it denied MHW's motions for summary judgment. We overrule MHW's first and second issues on appeal.

Masgas claims in its third issue on appeal that the trial court erred when it awarded attorney's fees to the Andersons and when it denied Masgas's attorney's fees. MHW argues in its third issue on appeal that the trial court erred when it denied MHW's recovery of attorney's fees for its claims against Masgas. The parties in this suit sought relief under the Declaratory Judgments Act.[2] The trial court was authorized to award "costs and reasonable and necessary attorney's fees as are equitable and just." TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (Vernon 2008). The trial court found that the Andersons were the owners of the disputed working interests and that Masgas was to take nothing against the Andersons. The trial court further found that MHW was not entitled to any requested relief. The trial court did not err when it awarded attorney's fees to the Andersons and when it denied Masgas's and MHW's claims for attorney's fees. We overrule both Masgas's and MHW's third issues on appeal.

In its fourth issue on appeal, Masgas argues that the trial court correctly denied MHW's claim against Masgas. We held that MHW assigned all of its interests to the Andersons and that the trial court was correct in finding that the Andersons are the owners of the disputed interests. Because we agree that the Andersons are the owners of the disputed working interests, we need not reach this issue on appeal. TEX. R. APP. P. 47.1. We have considered all issues on appeal, and all are overruled.

The judgment of the trial court is affirmed.


March 31, 2010                                JIM R. WRIGHT
Panel consists of: Wright, C.J.,              CHIEF JUSTICE
McCall, J., and Strange, J.

---

[2]TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-.011 (Vernon 2008).