**Opinion filed August 9, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00304-CV
_____

### JASON SPARKMAN, Appellant
### V.
### BENNY L. CUNNINGHAM, Appellee

**On Appeal from the 414th District Court**

**McLennan County, Texas**

**Trial Court Cause No. 2008-3698-5**

## MEMORANDUM OPINION

This is an appeal from a summary judgment entered in a declaratory judgment action involving the ownership of a tract of real property. We affirm.

*Background Facts*

Appellant, Jason Sparkman, is a surviving son of Marvin Glenn Sparkman. Marvin died intestate on December 14, 2006, leaving his children Jason, Lisa Sparkman, and Kevin Sparkman as his survivors. Additionally, Marvin resided with Bessie Solomon at the time of his death. Solomon asserted an ownership interest in Marvin's estate based upon her allegation of a common-law marriage with Marvin.

The Sparkman children filed a declaratory judgment action against Solomon, seeking a declaration that a valid marriage did not exist between her and Marvin. Solomon and the Sparkman children subsequently resolved their disputes in a Mediated Settlement Agreement executed on July 2, 2007. Under the terms of the settlement agreement, Solomon received a

4.988-acre tract of land located in McLennan County, and the Sparkman children received a 35.2-acre tract in McLennan County.

This appeal concerns an agreement executed among the Sparkman children in conjunction with the settlement with Solomon. The text of this agreement is as follows:

### AGREEMENT BETWEEN THE PARTIES

We the heirs of Marvin Sparkman have agreed to the settlement with Bessie Solomon, former wife of Marvin Sparkman all parties agree that it's a just and fair agreement of the Estate of Marvin Sparkman Estate.

In a concurrent agreement the parties have divided the property amongst themselves so that of the real property Lisa Sparkman receives two-thirds and Kevin receives one-third, and Jason has been justly divided other property all parties agree with the settle with Bessie Solomon and in and between themselves.

Each of the Sparkman children signed this agreement before a notary with the following declaration: "SIGNED under oath before me on _____, 2007."

Lisa and Kevin subsequently conveyed the 35.2-acre tract to appellee, Benny L. Cunningham, in a deed dated June 27, 2008. Jason filed a declaratory judgment action against Cunningham on October 13, 2008, seeking a declaration that he continued to own a one-third undivided interest in the tract under the laws of descent and distribution. Cunningham filed a traditional motion for summary judgment, alleging that Jason was barred by estoppel from claiming an interest in the tract. Cunningham asserted that the agreement recited above was part of a family settlement agreement that divested Jason of his interest in the tract. The trial court agreed with Cunningham's assertion by granting a final summary judgment providing that Jason has no title, right, or interest in the 35.2-acre tract.

### *Standard of Review*

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Once the movant establishes a right to summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

When reviewing a traditional summary judgment, the appellate court considers all the evidence and takes as true evidence favorable to the nonmovant. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). The appellate court "must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented" and may not ignore "undisputed evidence in the record that cannot be disregarded." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755, 757 (Tex. 2007).

A defendant is entitled to summary judgment on an affirmative defense if the defendant conclusively proves all of the elements of the affirmative defense. *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999). Once a defendant establishes its right to summary judgment, the burden then shifts to the plaintiff to come forward with summary judgment evidence raising a genuine issue of material fact. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995).

*Analysis*

Jason brings two issues on appeal challenging the summary judgment. He asserts in his first issue that Cunningham did not prove each element of his affirmative defense as a matter of law. As set forth below, Jason bases his first issue on alleged deficiencies in Cunningham's pleading and proof.

Jason initially asserts that Cunningham did not adequately plead the affirmative defense he relied upon for summary judgment. Cunningham pleaded the following affirmative defense in his original answer:

> Without waiving the above general denial, by way of further answer, should the same be necessary, Defendant, Benny L. Cunningham, asserts the following affirmative defenses:
>
> 2.1. <u>Estoppel</u>: Defendant, Benny L. Cunningham, asserts that Plaintiff's claim is barred by the doctrine of estoppel based upon the agreement attached hereto was [sic] Exhibit "A", which was relied upon in purchasing the subject property.[1]

Jason asserts that Cunningham only pleaded the affirmative defense of equitable estoppel in his answer but that he relied upon the affirmative defense of estoppel by contract in obtaining summary judgment.

Equitable estoppel arises where one party has been induced to change his position for the worse because of the conduct of another party. *Mass. Bonding & Ins. Co. v. Orkin*

---

[1] "Exhibit A" consisted of the agreement that we have previously recited.

*Exterminating Co.*, 416 S.W.2d 396, 401 (Tex. 1967). The doctrine of equitable estoppel can only be invoked where the conduct of a party has been such as to induce action in reliance upon it and where it would operate as a fraud upon the assured if the party was afterwards allowed to disavow its conduct. *Id.* Estoppel by contract is a form of "quasi estoppel" based on the idea that a party to a contract will not be permitted to take a position inconsistent with its provisions, to the prejudice of another. *Masgas v. Anderson*, 310 S.W.3d 567, 571 (Tex. App.—Eastland 2010, pet. denied); *Stevens v. State Farm Fire & Cas. Co.*, 929 S.W.2d 665, 672 (Tex. App.—Texarkana 1996, writ denied). Estoppel by contract precludes parties to a valid instrument from denying its force and effect. *Masgas*, 310 S.W.3d at 571. The rule of estoppel by contract is not actually one of estoppel, as estoppel in pais; it is just another way of stating that a party is bound by the terms of his contract unless it is void, annulled, or set aside in some way. *Stevens*, 929 S.W.2d at 672.

Jason contends that Cunningham only pleaded equitable estoppel because he included an allegation of reliance in his pleading. We disagree. As noted above, Cunningham expressly pleaded that his estoppel claim was based upon an agreement. This pleading gave Jason fair notice of Cunningham's affirmative defense of estoppel by contract. *See Hays Cnty. v. Hays Cnty. Water Planning P'ship*, 69 S.W.3d 253, 258 (Tex. App.—Austin 2002, no pet.) ("Fair notice under the rules is met if an opposing attorney can ascertain the nature and basic issues of the controversy from the pleadings.").

Jason additionally contends that Cunningham did not establish his entitlement to summary judgment as a matter of law because he did not provide evidence of his reliance on the agreement. As we previously determined, Cunningham sufficiently pleaded the affirmative defense of estoppel by contract. Reliance is not an element of estoppel by contract. *Steubner Realty 19, Ltd. v. Cravens Road 88, Ltd.*, 817 S.W.2d 160, 164 (Tex. App.—Houston [14th Dist.] 1991, no writ). Accordingly, evidence pertaining to Cunningham's reliance is not material to his claim of estoppel by contract. Jason's first issue is overruled.

In his second issue, Jason contends that there is no enforceable family settlement agreement. He premises this contention on the assertion that the agreement quoted above does not contain an "alternate plan of distribution" of Marvin's estate. We disagree with Jason's construction of the agreement.

When construing a written contract, our primary concern is to ascertain the true intentions of the parties as expressed in the instrument. *Seagull Energy E & P, Inc. v. Eland Energy, Inc.*,

207 S.W.3d 342, 345 (Tex. 2006); *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 229 (Tex. 2003). In the absence of fraud or mistake, the writing alone will be deemed to express the intention of the parties, and courts will enforce an unambiguous instrument as written. *Cherokee Water Co. v. Forderhause*, 641 S.W.2d 522, 524 (Tex. 1982); *Sun Oil Co. (Del.) v. Madeley*, 626 S.W.2d 726 (Tex. 1981); *Rutherford v. Randal*, 593 S.W.2d 949 (Tex. 1980); *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515 (Tex. 1968). The court is not looking for the subjective intent of the parties; instead, it is the objective intent, the intent expressed or apparent in the writing, which is sought. *Forderhause*, 641 S.W.2d at 525; *City of Pinehurst*, 432 S.W.2d at 518.

A family settlement agreement is an alternative method of estate administration in Texas that is a favorite of the law. *Shepherd v. Ledford*, 962 S.W.2d 28, 32 (Tex. 1998); *Salmon v. Salmon*, 395 S.W.2d 29, 32 (Tex. 1965); *Estate of Morris*, 577 S.W.2d 748, 755–56 (Tex. Civ. App.—Amarillo 1979, writ ref'd n.r.e.). It is based on the principle that the beneficiaries or heirs at law of an estate are free to arrange among themselves for the distribution of the estate and for the payment of expenses from that estate. *Shepherd*, 962 S.W.2d at 32.

By its express terms, the Agreement Between the Parties was executed in conjunction with the settlement that the Sparkman children reached with Solomon to resolve the disputed claims to Marvin's estate. Instruments pertaining to the same transaction may be read together to ascertain the parties' intent, even if the parties executed the instruments at different times and the instruments do not expressly refer to each other. *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 831, 840 (Tex. 2000). A court may determine, as a matter of law, that multiple documents comprise a written contract. *Id.* The Agreement Between the Parties expressly provides that, "[i]n a concurrent agreement," the Sparkman children "have divided the property amongst themselves." The "concurrent agreement" consisted of an undated, handwritten document listing the children's names and various property interests along with their signatures.

The Mediated Settlement Agreement, the Agreement Between the Parties, and the "concurrent agreement" pertain to the same transaction. Furthermore, the Agreement Between the Parties expressly refers to the other two documents. Accordingly, we construe all the documents as if they were part of a single, unified instrument. When read together, the documents constitute a family settlement agreement because they set out an alternative plan of distribution of Marvin's estate. The Mediated Settlement Agreement disposes of the competing

claims between Solomon and the Sparkman children. It also has the effect of dividing estate property among the claimants. Additionally, it addresses the disposition of estate debts. The Agreement Between the Parties and the "concurrent agreement" serve the purpose of further dividing the property of Marvin's estate by addressing the property awarded to the Sparkman children by the Mediated Settlement Agreement.

With respect to the only tract of real property awarded to the Sparkman children by the Mediated Settlement Agreement, the Agreement Between the Parties expressly provides that Lisa Sparkman receives two-thirds and Kevin receives one-third. It further provides that Jason has "been justly divided other property." While the Agreement Between the Parties does not constitute a deed of conveyance, it shows an intent to convey an interest in real property in the form of conveying Jason's undivided one-third interest to Lisa. Accordingly, it is enforceable as a contract to convey real estate. TEX. PROP. CODE ANN. § 5.002 (West 2004); *Masgas*, 310 S.W.3d at 571. Therefore, Jason is precluded as a matter of law from claiming an interest in the 35.2-acre tract.

Jason attempts to avoid this result by pointing out his understanding of the Agreement Between the Parties and some conversations that he purportedly had with his attorney concerning its effect. Specifically, he contends that he was advised that Lisa could not sell the tract until he signed a deed and that the deed was supposed to contain a right of first refusal in his favor. These matters are not controlling because they reflect Jason's subjective intent and understanding of the agreement. As noted previously, our resolution is guided by the objective intent expressed in the written agreements. Appellant's second issue is overruled.

*This Court's Ruling*

The judgment of the trial court is affirmed.


TERRY McCALL

JUSTICE


August 9, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

6