Opinion filed August 9,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00304-CV

                                                    __________

 

                                   JASON
SPARKMAN, Appellant

V.

                               BENNY
L. CUNNINGHAM, Appellee



 

                                   On
Appeal from the 414th District Court

                                                        McLennan
County, Texas

                                                Trial
Court Cause No. 2008-3698-5

 



 

                                            M
E M O R A N D U M   O P I N I O N

            This is an appeal from a summary judgment entered in a declaratory judgment action
involving the ownership of a tract of real property.  We affirm.

Background
Facts

            Appellant,
Jason Sparkman, is a surviving son of Marvin Glenn Sparkman.  Marvin died
intestate on December 14, 2006, leaving his children Jason, Lisa Sparkman, and
Kevin Sparkman as his survivors.  Additionally, Marvin resided with Bessie
Solomon at the time of his death.  Solomon asserted an ownership interest in
Marvin’s estate based upon her allegation of a common-law marriage with Marvin.

            The
Sparkman children filed a declaratory judgment action against Solomon, seeking
a declaration that a valid marriage did not exist between her and Marvin. 
Solomon and the Sparkman children subsequently resolved their disputes in a
Mediated Settlement Agreement executed on July 2, 2007.  Under the terms of the
settlement agreement, Solomon received a 4.988-acre tract of land located in
McLennan County, and the Sparkman children received a 35.2-acre tract in
McLennan County.

            This
appeal concerns an agreement executed among the Sparkman children in conjunction
with the settlement with Solomon.  The text of this agreement is as follows:

AGREEMENT
BETWEEN THE PARTIES

 

We
the heirs of Marvin Sparkman have agreed to the settlement with Bessie Solomon,
former wife of Marvin Sparkman all parties agree that it’s a just and fair
agreement of the Estate of Marvin Sparkman Estate.

 

In
a concurrent agreement the parties have divided the property amongst themselves
so that of the real property Lisa Sparkman receives two-thirds and Kevin
receives one-third, and Jason has been justly divided other property all
parties agree with the settle with Bessie Solomon and in and between
themselves.

  

Each of the
Sparkman children signed this agreement before a notary with the following
declaration: “SIGNED under oath before me on ____________, 2007.”  

            Lisa
and Kevin subsequently conveyed the 35.2-acre tract to appellee, Benny L.
Cunningham, in a deed dated June 27, 2008.  Jason filed a declaratory judgment
action against Cunningham on October 13, 2008, seeking a declaration that he
continued to own a one-third undivided interest in the tract under the laws of
descent and distribution.  Cunningham filed a traditional motion for summary
judgment, alleging that Jason was barred by estoppel from claiming an interest
in the tract.  Cunningham asserted that the agreement recited above was part of
a family settlement agreement that divested Jason of his interest in the
tract.  The trial court agreed with Cunningham’s assertion by granting a final
summary judgment providing that Jason has no title, right, or interest in the
35.2-acre tract.

Standard
of Review

We review the trial court’s summary judgment de novo.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident
Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). A trial court must
grant a traditional motion for summary judgment if the moving party establishes
that no genuine issue of material fact exists and that the movant is entitled
to judgment as a matter of law.  Tex. R.
Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471
(Tex. 1991).  Once the movant establishes a right to summary judgment, the
nonmovant must come forward with evidence or law that precludes summary
judgment.  City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671,
678–79 (Tex. 1979). When reviewing a traditional summary judgment, the
appellate court considers all the evidence and takes as true evidence favorable
to the nonmovant.  Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex.
1985).  The appellate court “must consider whether reasonable and fair-minded
jurors could differ in their conclusions in light of all of the evidence
presented” and may not ignore “undisputed evidence in the record that cannot be
disregarded.”  Goodyear Tire & Rubber Co. v. Mayes, 236 S.W.3d
754, 755, 757 (Tex. 2007).

A defendant is entitled to summary judgment on an affirmative defense if the defendant
conclusively proves all of the elements of the affirmative defense.  Rhône-Poulenc,
Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999).  Once a defendant
establishes its right to summary judgment, the burden then shifts to the
plaintiff to come forward with summary judgment evidence raising a genuine
issue of material fact.  Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195,
197 (Tex. 1995).

Analysis

Jason
brings two issues on appeal challenging the summary judgment.  He asserts in
his first issue that Cunningham did not prove each element of his affirmative
defense as a matter of law.  As set forth below, Jason bases his first issue on
alleged deficiencies in Cunningham’s pleading and proof.

Jason
initially asserts that Cunningham did not adequately plead the affirmative
defense he relied upon for summary judgment.  Cunningham pleaded the following
affirmative defense in his original answer:

Without
waiving the above general denial, by way of further answer, should the same be
necessary, Defendant, Benny L. Cunningham, asserts the following affirmative
defenses:

 

2.1. Estoppel: 
Defendant, Benny L. Cunningham, asserts that Plaintiff’s claim is barred by the
doctrine of estoppel based upon the agreement attached hereto was [sic] Exhibit
“A”, which was relied upon in purchasing the subject property.[1] 


 

Jason asserts
that Cunningham only pleaded the affirmative defense of equitable estoppel in
his answer but that he relied upon the affirmative defense of estoppel by
contract in obtaining summary judgment.

Equitable estoppel arises where one party has been induced to
change his position for the worse because of the conduct of another party.  Mass.
Bonding & Ins. Co. v. Orkin Exterminating Co., 416 S.W.2d 396, 401
(Tex. 1967).  The doctrine of equitable estoppel can only be invoked where the
conduct of a party has been such as to induce action in reliance upon it and
where it would operate as a fraud upon the assured if the party was afterwards
allowed to disavow its conduct.  Id.  Estoppel by contract is a form of
“quasi estoppel” based on the idea that a party to a contract will not be
permitted to take a position inconsistent with its provisions, to the prejudice
of another.  Masgas v. Anderson, 310 S.W.3d 567, 571 (Tex. App.—Eastland
2010, pet. denied); Stevens v. State Farm Fire & Cas. Co., 929
S.W.2d 665, 672 (Tex. App.—Texarkana 1996, writ denied).  Estoppel by contract precludes parties to a valid instrument from denying its force and effect.  Masgas,
310 S.W.3d at 571.  The rule of estoppel by contract is not actually one of
estoppel, as estoppel in pais; it is just another way of stating that a party
is bound by the terms of his contract unless it is void, annulled, or set aside
in some way.  Stevens, 929 S.W.2d at 672.

Jason
contends that Cunningham only pleaded equitable estoppel because he included an
allegation of reliance in his pleading.  We disagree.  As noted above,
Cunningham expressly pleaded that his estoppel claim was based upon an
agreement.   This pleading gave Jason fair notice of Cunningham’s affirmative
defense of estoppel by contract.  See Hays Cnty. v. Hays Cnty. Water Planning P’ship, 69 S.W.3d 253, 258 (Tex. App.—Austin 2002, no pet.) (“Fair
notice under the rules is met if an opposing attorney can ascertain the nature
and basic issues of the controversy from the pleadings.”).

Jason
additionally contends that Cunningham did not establish his entitlement to
summary judgment as a matter of law because he did not provide evidence of his
reliance on the agreement.  As we previously determined, Cunningham
sufficiently pleaded the affirmative defense of estoppel by contract.  Reliance
is not an element of estoppel by contract.  Steubner Realty 19, Ltd. v. Cravens Road 88, Ltd., 817 S.W.2d 160, 164 (Tex. App.—Houston [14th Dist.] 1991,
no writ).  Accordingly, evidence pertaining to Cunningham’s reliance is not
material to his claim of estoppel by contract.  Jason’s first issue is
overruled.

In
his second issue, Jason contends that there is no enforceable family settlement
agreement.  He premises this contention on the assertion that the agreement
quoted above does not contain an “alternate plan of distribution” of Marvin’s
estate.  We disagree with Jason’s construction of the agreement.

When construing a written contract, our primary concern is to ascertain the true
intentions of the parties as expressed in the instrument.  Seagull Energy E
& P, Inc. v. Eland Energy, Inc., 207 S.W.3d 342, 345 (Tex. 2006); J.M.
Davidson, Inc. v. Webster, 128 S.W.3d 223, 229 (Tex. 2003).  In the absence of fraud or mistake, the writing alone will be deemed to express the
intention of the parties, and courts will enforce an unambiguous instrument as
written. Cherokee Water Co. v. Forderhause, 641 S.W.2d 522, 524 (Tex. 1982);
Sun Oil Co. (Del.) v. Madeley, 626 S.W.2d 726 (Tex. 1981); Rutherford
v. Randal, 593 S.W.2d 949 (Tex. 1980); City of Pinehurst v. Spooner
Addition Water Co., 432 S.W.2d 515 (Tex. 1968).  The court is not looking
for the subjective intent of the parties; instead, it is the objective intent,
the intent expressed or apparent in the writing, which is sought.  Forderhause,
641 S.W.2d at 525; City of Pinehurst, 432 S.W.2d at 518.

A family settlement agreement is an alternative method of estate administration in
Texas that is a favorite of the law.  Shepherd v. Ledford, 962 S.W.2d
28, 32 (Tex. 1998); Salmon v. Salmon, 395 S.W.2d 29, 32 (Tex. 1965); Estate
of Morris, 577 S.W.2d 748, 755–56 (Tex. Civ. App.—Amarillo 1979, writ ref’d
n.r.e.).  It is based on the principle that the beneficiaries or heirs at law of an estate are free to arrange among themselves for the distribution of the
estate and for the payment of expenses from that estate.  Shepherd, 962
S.W.2d at 32.

By
its express terms, the Agreement Between the Parties was executed in
conjunction with the settlement that the Sparkman children reached with Solomon
to resolve the disputed claims to Marvin’s estate.  Instruments pertaining to
the same transaction may be read together to ascertain the parties’ intent,
even if the parties executed the instruments at different times and the
instruments do not expressly refer to each other.  Fort Worth Indep. Sch.
Dist. v. City of Fort Worth, 22 S.W.3d 831, 840 (Tex. 2000).  A court may
determine, as a matter of law, that multiple documents comprise a written
contract.  Id.  The Agreement Between the Parties expressly provides
that, “[i]n a concurrent agreement,” the Sparkman children “have divided the
property amongst themselves.”  The “concurrent agreement” consisted of an
undated, handwritten document listing the children’s names and various property
interests along with their signatures.

The
Mediated Settlement Agreement, the Agreement Between the Parties, and the
“concurrent agreement” pertain to the same transaction.  Furthermore, the
Agreement Between the Parties expressly refers to the other two documents. 
Accordingly, we construe all the documents as if they were part of a single,
unified instrument.  When read together, the documents constitute a family
settlement agreement because they set out an alternative plan of distribution
of Marvin’s estate.  The Mediated Settlement Agreement disposes of the competing
claims between Solomon and the Sparkman children.  It also has the effect of
dividing estate property among the claimants.  Additionally, it addresses the
disposition of estate debts.  The Agreement Between the Parties and the
“concurrent agreement” serve the purpose of further dividing the property of
Marvin’s estate by addressing the property awarded to the Sparkman children by
the Mediated Settlement Agreement.

With
respect to the only tract of real property awarded to the Sparkman children by
the Mediated Settlement Agreement, the Agreement Between the Parties expressly provides
that Lisa Sparkman receives two-thirds and Kevin receives one-third.  It
further provides that Jason has “been justly divided other property.”  While
the Agreement Between the Parties does not constitute a deed of conveyance, it shows an intent to convey an interest in real property in the form of conveying
Jason’s undivided one-third interest to Lisa.  Accordingly, it is enforceable
as a contract to convey real estate.  Tex. Prop. Code Ann. § 5.002 (West 2004);
Masgas, 310 S.W.3d at 571.  Therefore, Jason is precluded as a matter of
law from claiming an interest in the 35.2-acre tract.

Jason
attempts to avoid this result by pointing out his understanding of the
Agreement Between the Parties and some conversations that he purportedly had
with his attorney concerning its effect.  Specifically, he contends that he was
advised that Lisa could not sell the tract until he signed a deed and that the
deed was supposed to contain a right of first refusal in his favor.  These
matters are not controlling because they reflect Jason’s subjective intent and
understanding of the agreement.  As noted previously, our resolution is guided
by the objective intent expressed in the written agreements.  Appellant’s
second issue is overruled.

This
Court’s Ruling

             The
judgment of the trial court is affirmed.

            

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

August 9, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]“Exhibit A” consisted of the agreement that we have
previously recited.