

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-14-00259-CV

Herman Dwayne **EVERETT**,
Appellant

v.

Dyna Graciela **ARREOLA**,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 27559
Honorable Robert Cadena, Judge Presiding[1]

Opinion by:    Karen Angelini, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  April 29, 2015

AFFIRMED

Herman Dwayne Everett filed the underlying lawsuit seeking a declaratory judgment that

he owned certain real property.  The property was the home of Dyna Graciela Arreola.  Everett

alleged Arreola conveyed the property to him through a deed or a real estate sales contract.  After

a bench trial, the trial court entered a judgment declaring the deed to be void and concluding the

contract did not ratify the void deed.  On appeal, Everett contends the trial court erred in denying

---

[1] The Honorable Carl Pendergrass presided over the bench trial.  The Honorable Robert Cadena signed the judgment.

his requested relief because he established his ownership of the property based on the real estate sales contract. We affirm the trial court's judgment.

## BACKGROUND

Everett is a bail bondsman. After Arreola's daughter was arrested, Arreola sought Everett's services on April 19, 2008, to bail her daughter out of jail. The bond was set at $50,000, and Everett required a $5,000 payment from Arreola. Arreola was only able to pay Everett $1,000, but Everett agreed to take her home as collateral until she paid the $4,000 balance. Although the home was only to be pledged as collateral for the balance owing on the bond, Everett had a general warranty deed prepared for Arreola to execute which conveyed the title to the property to Everett.

A few days later, Everett discovered a number of liens existed against the property and, as a result, informed Arreola that she needed to provide additional collateral or her daughter would have to return to jail. When Arreola was unable to locate additional collateral, Everett and Arreola discussed the possible sale of Arreola's home to Everett. The evidence at trial was conflicting regarding the nature of those discussions, including whether Arreola understood the nature of the transaction and whether Arreola agreed to the price at which Everett was willing to purchase the property. Arreola eventually signed an undated real estate sales contract. Everett admitted at trial that he summoned a police officer to Arreola's house to witness her signing the contract. In addition, both the prior deed and the contract were in English, and the evidence is undisputed that Arreola did not speak or read English. After Arreola signed the contract, Everett surrendered the bond and returned Arreola's daughter to jail.

Prior to the execution of the real estate sales contract, Everett began paying the creditors who held the liens against the property. Everett testified at trial that he paid a total of $43,640.96 as the purchase price for the property, which amount included the liens Everett paid, the $4,000 Arreola owed Everett for the balance due on her daughter's bond, and $17,000 paid directly to

Arreola.  The real estate sales contract states the purchase price for the property as $43,640.96.
The 2008 tax statements for the property reflect an appraised value of $80,580.00.

Asserting his ownership of the property, Everett first filed two forcible entry and detainer
actions against Arreola which were dismissed for lack of jurisdiction because the ownership of the
property was in dispute.  On February 26, 2009, Everett filed a petition for a declaratory judgment,
requesting the trial court to enter a judgment declaring his ownership of the property.  On March
16, 2009, Arreola filed a general denial.  On April 24, 2009, a final hearing on the case was set for
June 18, 2009.  On June 16, 2009, Arreola filed an amended answer asserting fraud, duress,
deception, coercion, and fraudulent inducement.  Everett objected to the amended answer being
untimely filed, and the trial court struck the amended answer.

After a bench trial, the trial court announced its ruling, stating:

> It is clear from the evidence that at the time the general warranty deed dated April 19, 2008 from Ms. Arreola to Mr. Everett was [sic] void ad [sic] initio for reason that the deed was given as security for payment of a bond, that bond being a bail bond.  Such agreements are not accepted in law where the property concerned is homestead.  While there is no direct evidence that the property is homestead, it is clear from the evidence that the property is occupied by the owner.
>
> The next question the Court has had to struggle with is whether or not that deed, although void ad [sic] initio, was affirmed or ratified by any subsequent instrument.
>
> The Court must rely, then, on that document which is marked as Plaintiff's Exhibit No. 7 entitled "Real Estate Sales Contract."  This agreement is not dated. The testimony is conflicting.  Some have it being prepared on the 25th of April, 2008.  The testimony of its preparer, Mr. Escamilla, is it could not have been prepared prior to April 29th and would have been executed sometime thereafter.
>
> Reading the plain language of the contract, it states that it is a contract to buy and sell real property and it is effective on the date of the last of the signatures of the seller and buyer, and as stated, there is no date.
>
> This contract in its form in no way ratifies any prior acts or dealings between the parties, and, quite frankly, the Court has struggled with this situation, because this is not the end of it.  No matter what happens, you know, this man is out some money which he is entitled to receive and this lady has received the [sic] benefit that she is not entitled to, but the Court is forced to act on the law and on the evidence before it.
>
> Therefore, the petition for declaratory judgment is denied.

Everett's attorney then informed the trial court that she intended to take further action and requested a rehearing on the issue of ratification, after which the following exchange occurred:

> MS. LONDON [Everett's attorney]: But what I'm thinking about is a ratification of the contract, because I do have statements that she's given to the various police and sheriffs —
> THE COURT: That's up to you.
> MS. LONDON: — and I'd ask for a rehearing
> THE COURT: I think you're going to have to replead, counsel.
> MS. LONDON: I can did [sic] that.
> MR. HERNANDEZ [Arreola's attorney]: Of course, I would object to that seeing as they had the opportunity to present evidence —-
> THE COURT: Now, this was a suit for declaratory judgment. Now, whether she files suit to enforce a contract or something else, that's entirely a different matter.

Although the trial court verbally announced its ruling at the conclusion of the bench trial on June 18, 2009, the trial court did not sign a judgment until February 7, 2014. The judgment declared the deed to be void because the property was Arreola's homestead and could not be pledged as security for a bail bond. The judgment also stated, "Any subsequent acts by the parties do not ratify said invalid, unconstitutional and void ab inito [sic] General Warranty Deed." The trial court entered findings of fact and conclusions of law consistent with the judgment. The only finding of fact referring to the real estate sales contract stated, "Plaintiff and Defendant subsequently executed a 'Real Estate Sales Contract' on an unknown date, with no effective date of performance found within the four corners and plain language of said instrument." Everett appeals the trial court's judgment.

## ISSUES PRESENTED

Everett presents six issues in his brief; however, several of the issues do not assail the judgment entered by the trial court. For example, Everett's second, third, and fourth issues challenge whether the trial court could have found the real estate sales contract to be invalid or not legally binding. The trial court, however, did not base its declaratory judgment on the real estate sales contract being invalid or not legally binding. Instead, with regard to the real estate sales

contract, the trial court's judgment was based on its conclusion that the real estate sales contract did not ratify the prior deed. This reading of the trial court's judgment is consistent with its verbal pronouncement noting that Everett may be able to replead his claim as a contractual claim as opposed to a claim seeking declaratory relief.

In addition, Everett's fifth issue challenges the sufficiency of the evidence to support the trial court's finding that the property was Arreola's homestead; however, Everett's first issue concedes that the deed was void. In arguing his fourth and fifth issues, Everett appears to be contending the trial court erred in invalidating the real estate sales contract because the homestead character of the property is an affirmative defense, and the affirmative defenses asserted by Arreola in her amended answer were stricken. As previously noted, however, the trial court's judgment is based on its conclusion that the real estate sales contract did not ratify the deed, not that the contract was invalid because of the homestead character of the property.

In summary, Everett does not challenge the trial court's conclusion that the deed executed by Arreola was void. The issues and arguments raised in Everett's brief also do not challenge the trial court's conclusion that the real estate sales contract did not ratify the void deed. Instead, the crux of Everett's arguments is that the trial court erred in failing to declare him the owner of the property because the real estate sales contract was an independent transaction pursuant to which the property was conveyed to him.[2] Accordingly, we focus our analysis on this issue.

## DISCUSSION

In order for Everett to be entitled to a declaration that he owned the property in question as requested in his petition, Everett was required to show that ownership of the property was

---

[2] In his brief, Everett asserts, "Ultimately however, the Court need only to concern itself with one inquiry: whether a contract exists between the parties."

conveyed to him. [3] As previously noted, Everett does not dispute the trial court's conclusion that the general warranty deed was void and conveyed no title. Accordingly, Everett necessarily relies on the real estate sales contract as the written document of conveyance. *See* TEX. BUS. & COM. CODE ANN. § 26.01(b)(4) (West 2015) (requiring contract for sale of real estate to be in writing).

An instrument effects a conveyance of real property only if it contains operative words or words of grant showing a present intent to convey title to real property. *See Gordon v. West Houston Trees, Ltd.*, 352 S.W.3d 32, 43 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Masgas v. Anderson*, 310 S.W.3d 567, 570 (Tex. App.—Eastland 2010, pet. denied). "An instrument that does not operate as a present conveyance of title to real property is a contract to convey rather than a deed." *Smith v. Davis*, No. 12-12-00169-CV, 2013 WL 2424266, at \*4 (Tex. App.—Tyler June 5, 2013, no pet.) (mem. op.); *see also Tukua Investments, LLC v. Spenst*, 413 S.W.3d 786, 796-97 (Tex. App.—El Paso 2013, pet. denied) (distinguishing between contract for sale of real estate and actual conveyance of real estate); *Tex. Am. Bank/Levelland v. Resendez*, 706 S.W.2d 343, 345 (Tex. App.—Amarillo 1986, no writ) (contract for sale is not an instrument that passes an interest in realty). Stated differently, a contract for sale "is not effective as a conveyance, but is an executory contract for the sale of land." *Tex. Am. Bank/Levelland*, 706 S.W.2d at 345; *see also Fed. Life Ins. Co. v. Martin*, 157 S.W.2d 149, 152 (Tex. Civ. App.—Texarkana 1941, writ ref'd). A contract for sale merely specifies the conditions for the future passing of the seller's interest in real property to the purchaser. *Tex. Am. Bank/Levelland*, 706 S.W.2d at 345; *see also Gordon*, 352 S.W.3d at 43 ("Language in an instrument that contemplates future action is not language that contemplates a completed transaction in land.").

---

[3] Although Everett pled his claim as one for declaratory relief, we note that a trespass to try title claim is "'*the* method for determining title' to … real property." *Coinmatch Corp. v. Aspenwood Apt. Corp.*, 417 S.W.3d 909, 926 (Tex. 2013) (quoting *Martin v. Amerman*, 133 S.W.3d 262, 267 (Tex. 2004)).

In this case, the real estate sales contract does not contain words of grant showing a present intent to convey title to Everett. Instead, under the terms of the contract, Arreola only "agrees to sell and convey the property." In addition, the contract refers to closing documents to be delivered at closing and provides that Everett, as the buyer, "may enforce specific performance of Seller's obligations under this contract."

"Specific performance of a contract for the sale of realty is ordinarily granted where the suit is based on a valid contract, but it is not a remedy which exists as a matter of right." *Kress v. Soules*, 261 S.W.2d 703, 704 (Tex. 1953); *Pickard v. LJH Enters., Inc.*, No. 01-07-01105-CV, 2010 WL 1493105, at *3 (Tex. App.—Houston [1st Dist.] Apr. 15, 2010, no pet.) (noting breach of contract to sell real property generally may be enforced by specific performance due to unique nature of real property) (mem. op.); *Scott v. Sebree*, 986 S.W.2d 364, 370 (Tex. App.—Austin 1999, pet. denied) (stating specific performance often granted when valid contract to purchase real property is breached by seller). The trial court recognized this legal principle in suggesting Everett might want to replead his claim. Of course, the trial court's statement does not address what effect, if any, res judicata or other affirmative defenses would have on such a claim. Nor do we address those issues. Because the real estate sales contract did not convey title to Everett, the trial court did not err in denying Everett's request for a declaration that he owned the property. *See Gordon*, 352 S.W.3d at 43; *Masgas*, 310 S.W.3d at 570.

**CONCLUSION**

The trial court's judgment is affirmed.

Karen Angelini, Justice
